——o——

JOHN R. THOMPSON, Appellant, *vs.* THE NORTH MISSOURI RAIL ROAD COMPANY, Respondent.

1. *Damages—Railroads—Negligence—Burden of proof.*—In an action against a railroad company, for personal injuries to plaintiff, the burden is not on plaintiff to aver affirmatively that he was at the time exercising due care, and was himself without negligence, contributing to the injury. Negligence in the plaintiff is a mere defense to be set up by the answer, and shown like any other defense.

*Appeal from Randolph County Circuit Court.*

*R. T. Prewitt,* for Appellant.

It is not necessary to allege that the plaintiff had taken *due care,* that is matter of defense. Shearm. & Redf. on Negligence, 46, § 44 and note 2 ; 2 Chitty Pleadings, 647, *et seq.,* for forms of Declaration.

*J. N. Litton,* for Respondent.

The burden of proof is on the complainant to prove, that he himself was in the use of ordinary care and without fault at the time, directly contributing to the injury complained of. Warner vs. N. Y. Cent. R. R. Co., 44 N. Y., 470 ; Curran vs. Warren Co., 36 N. Y.,155 ; Spencer vs. U. & S. R. R., 5 Barb. N. Y., 338 ; Wilds vs. H. R. R. R. R., 24 N. Y., 432 ; Murphy vs. Deane, 101 Mass., 455 ; Counter vs. Couch, 8 Allen Mass., 436 ; Lane vs. Crombie, 12 Pick., 177 ; Ind. R. R vs. Keely, 23 Ind., 133 ; Fox vs. Town of G., 29 Conn., 209 ; Park vs. Obrien, 23 Conn., 345 ; Chamberlin vs. Milwaukie R. R., 7 Wis., 425 ; Dresler vs. Davis, 7 Wis., 527 ; Greenleaf vs. R. R., 29 Iowa, 47 ; C., B. & Q. R. R. vs. Hazzard, 26 Ill., 376 ; Aurora Br. R. R. vs. Grimes, 13 Ill., 587 ; 16 Ill., 300, 570 ; Moore vs. R. R., 4 Zabriskie, 269 ; Moore vs. Abbott, 32 Maine, 52 ; Owings vs. Jones, 9 Md., 108 : Ficken vs. Jones, 28 Cal., 626 ; Hyde vs. Jamaica, 27 Vt., 465 ; Moore vs. Shreveport, 3 La., Ann., 646.

This is no less the law of this state than elsewhere.

Fitch vs. Pacific R. R., 45 Mo., 327 ; McKeon vs. Citizens' R. R., 43 Mo., 405 ; Huelsenkamp vs. R. R., 34 Mo., 45 ; Meyer vs. P. R. R.; 43 Mo., 523 ; Boland vs. R. R. Co., 36 Mo., 484 ; Smith vs. City of St. Joseph 45, Mo., 451 ; Shultz vs. P. R. R. Co., 36 Mo., 32 ; Liddy vs. St. L. R. R., 40 Mo., 506 ; Meyer vs. P. R. R., 40 Mo., 158 ; O'Flaherty vs. R. R., 45 Mo., 72.

WAGNER, Judge, delivered the opinion of the court.

In substance, plaintiff alleged in his petition that he was a passenger on the defendant's road, and that in getting off of

the cars, through the carelessness and negligence of the defendant and its agents, he was injured, for which he asks damages. The Circuit Court sustained a demurrer to the petition, because there was no averment that the plaintiff at the time was exercising due care and was himself without negligence contributing to the injury. The sole question is whether it was necessary to make this allegation, or whether it was matter which properly devolved on the defendant to set up in the answer, and rely upon in defense.

The question as to burden of proof in respect to plaintiff's freedom from negligence, and as to whether he should make the affirmative averment, that he exercised proper care and was free from negligence, is new in this Court, and is involved in uncertainty by the conflicting and evasive decisions of the Courts of other States. While some Courts hold that he must allege and affirmatively establish that he was free from culpable negligence contributing to the injury, others hold that his negligence is matter of defense, of which, the burden of pleading and proving rests upon the defendant.

In my view the latter is the correct doctrine. Negligence on the part of the plaintiff is a mere defense, to be set up in the answer and shown like any other defense, though of course it may be inferred from the circumstances proved by the plaintiff upon the trial. It seems to be illogical and not required by the rules of good pleading, to compel a plaintiff to aver and prove negative matters in cases of this kind. In an ordinary complaint upon negligence, it is not necessary to aver that the plaintiff has taken due care. It is true the action may be defeated by showing that the plaintiff was guilty of such contributory negligence as would preclude a recovery, but that is a question for the jury, to be determined upon the evidence, and not a matter of pleading. I cannot see what possible ground of distinction there can be between the rule forbidding a plaintiff to recover when his negligence has contributed to the injury, and that which prevents a recovery for a fraud or trespass when the parties are *in pari delicto*. Yet it would be difficult to find a case in which it has been held that the plaintiff

in such actions must assume the burden of showing himself free from fault. (Shearm. & Redf. on Negl. p. 47.)

The petition, I think, stated facts sufficient to require the plaintiff to answer. The judgment should therefore be reversed and the cause remanded.

All the judges concurring.