Loyd, et al. v. H. & St. Joe. R. R. Co.

LYDIA M. LOYD, *et al.*, Respondents, *vs.* THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

| | |
|---|---|
| 53 | 509 |
| 96 | 514 |
| 53 | 509 |
| 43a | 349 |
| 53 | 509 |
| 123 | 240 |
| 53 | 509 |
| 129 | 404 |
| 64a | 503 |
| 53 | 509 |
| 148 | 78 |
| 53 | 509 |
| 82a | 504 |

1. *Damages—Railroads—Contributory negligence—Allegations as to.*—In a suit for damages against a railroad company the petition need not allege, that plaintiff was at the time exercising due care, and not guilty of negligence contributing to the injuries received.

2. *Damages—Railroads—Jumping from train while in motion.*—In a suit against a railroad company to recover damages for injuries sustained by plaintiff in getting from the platform of the car upon that of the depot, the evidence showed, that the train stopped at the station only a minute; that during that time plaintiff's little child alighted; that plaintiff followed without delay, but after the train was in motion, and received her injuries in consequence of jumping from the train. *Held*, that plaintiff would not be barred of recovery by the fact, that she jumped from the train while in motion.

3. *Damages—Excessive—Remittitur, etc.*—Where the sum recovered as damages was reduced by remittitur to an amount satisfactory to the Judge who tried the cause, this court will not interfere.

4. *Practice, civil—Jury—Arguments before—Statements by counsel, etc.*—An advocate ought not to be allowed to make himself a witness and to state facts not in evidence touching the case under discussion. And it is the duty of the judge to check such statements.

5. *Practice, civil—New trial, motion for—Address to jury—Statements not in evidence made in, etc.*—Where the trial judge overruled a motion for new trial based upon the affidavit of a bystander, setting forth certain statements not in evidence made by counsel in addressing the jury, ordinarily the Supreme Court will not interfere. The court who heard the speech is the proper tribunal to judge of its character and effect on the jury.

6. *Damages, suit for—Surgeons called in to ascertain extent of injuries.*—The proposal of counsel in a damage suit, to have surgeons called in during the progress of the trial to examine plaintiff as to the extent of his injuries, is unknown to the law, and the court has no power to enforce such an order.

*Appeal from Monroe Circuit Court.*

*James Carr,* for Appellant.

I. There is no allegation in the petition that the respondent, Lydia M. Loyd, exercised proper care in attempting to alight from the coach in which she had been riding. This is an affirmative allegation, without which she was not entitled to recover. (Chicago, B. & Q. R. R. vs. Hazzard, 26 Ill., 373; Evansville R. R. Co. vs. Dexter, 24 Ind., 411; Indianapolis, P. & C. R. R. Co. vs. Keely's Admr. 23 Ind., 133; Gahagan, Admx. vs. Boston & Lowell R. R. Co., 1 Allen, 187.)

II. The respondent's evidence did not show that she exercised proper care in alighting from the coach. She stepped out from the train after it had moved half a car length. (Ohio & Mississippi R. R. Co. vs. Schiebe, 44 Ill., 460; Railroad Co. vs. Aspell, 23 Penn. St., 147; Damont vs. Carrollton R. R. Co., 9 La. An., 441; Lucas, Admr. vs. Taunton & New Bedford R. R. Co., 6 Gray, 64; Gavett vs. Manchester & Lawrenceburg R. R. Co., 16 Gray, 501; Gilman vs. Deerfield, 15 Gray, 577; Siner vs. Great Western Railway Co., 3 Exch. (Law) R., 150; Gahagan, Admr. vs. Boston & Lowell R. R. Co., 1 Allen, 187; Adams vs. Carlisle, 21 Pick. 146; Murphy vs. Deane, 101 Mass., 455; Wilds vs. Hudson River R. R. Co., 24 N. Y., 430.)

III. The court below should have set aside the verdict of the jury, on account of the misbehavoir of the respondent, Lydia M. Loyd, towards Miss Alice B. Johnson, whilst she was testifying for appellant. Miss Johnson had never been in court or testified before. She was young, modest, and easily embarrassed. The respondent's interruption did embarass her so much that she was unable to testify to all the facts material to the case, to which she could and would have testified to if she had not been interrupted. Her affidavit made since the trial shows this very clearly.

IV. The counsel for the respondents, Thomas L. Anderson, misbehaved in the closing argument to the jury. He made statements of facts and lugged in rumors in regard to other causes and matters in which the appellant was concerned, not relevant to the case, and not in evidence, which were not true, and which misled and prejudiced the jury.

During the argument by the respondents' counsel, the appellant's counsel requested the court to require the respondents' counsel to confine himself to the evidence. The court declined to interfere. (Tucker vs. Henniker, 41 N. H., 317; Mitchum vs. State of Georgia, 11 Ga., 629; Berry vs. State of Georgia, 10 Ga., 521.)

V. The court erred in not making the order for the examination of Mrs. Loyd, after she had refused to be examined.

No medical man had testified in regard to the nature and extent of her injury at the time of the trial. There was no evidence before the jury as to her condition then.

There is certainly as much necessity for an examination in this case, or this kind of a case, as there was for the writ *de ventre inspiciendo* at common law, that a widow, claiming to be *enciente* by her deceased husband, should be viewed by twelve knights, and searched by twelve women, in the presence of the twelve knights, *et ad traclandum per ubera, et ventrem inspiciendum.* (Willoughby's case, 1 Croke, 566; 3 Black., 361; 2 Tidd's Pr., 795; 1 Dunlap's Pr., 601.)

*George H. Shields*, for Respondents, presented the following, among other points:

I. The novel proposition, that the court should require the plaintiff to submit to examination by two physicians of defendant's choosing, was properly overruled. There was no ground in law or reason for such a proposition and it could not be enforced.

II. Another point relied on to reverse is, that counsel for plaintiffs, in the closing argument to the jury, "lugged in rumors in regard to other cases and matters in which defendant was concerned not relevant to this case, and not in evidence, which were not true and which misled and prejudiced the jury."

The court properly overruled the objection.

If *ex parte* affidavits of this kind made by a single witness would set aside a verdict, no verdict would ever be allowed to stand, and the jury system had better be abolished. The argument and conduct of the case is submitted to the *nisi prius* judge, and in matters of this sort his power is discretionary. (Hilliard's New Trials, 225, § 40; Hilliard's New Trials, 225, § 40; 227, §§ 45, 48, 50; Cobb vs. State, 27 Ga., 648; 2 Waterman on New Trials, 47 and cases cited.)

III. Another point relied on was "excessive damages." Courts will not set aside a verdict on the ground of excessive damages, unless they are outrageously so, or there is reason to believe that there was passion, or prejudice, or corruption,

on the part of the jury. (Hogg vs. Emerson, 11 How., 587; Wheaton vs. N. B. R. R. Co., 36 Cal., 590; Boyce vs. Cal. Stage Co., 25 Cal., 460; Russ vs. War Eagle, 14 Iowa, 363.)

The plaintiff remitted $1,500 of the verdict, leaving only ,$2,500, which is a reasonable sum for such injuries as plaintiff received. ·

IV. Appellant contends, that the petition does not aver, that plaintiff was in the "exercise of due care," nor negative the idea of plaintiff's own negligence. This is not necessary. (Thompson vs. N. M. R. R. Co., 51 Mo., 190; Shearm. on Neg., 46; 11 Wis., 160; 5 Barb., 337; 18 N. Y., 248; 1 Hilton, 213; 5 Dutch., 548; 37 Ver., 50.)

NAPTON, Judge, delivered the opinion of the court.

This suit was to recover damages sustained by Mrs. Loyd in getting off the cars at Monroe City, where it is alleged the cars of defendant did not stop long enough to enable her and her child to get off with safety, and where, in her attempt to do so, she was thrown upon the platform of the station and injured, to her damage in the sum of 5,000 dollars.

It appears from the evidence; that the cars did not stop at Monroe City more than a minute; that when the signal was given, the plaintiff started with her child, and some bundles, for the door, and meeting some persons coming on the cars, could not immediately get down the steps, and before she could get off, the cars were in motion, and she jumped off and fell on the depot platform and was injured.

There was testimony in relation to the amount of injury Mrs. Loyd received, and the defendant moved that two respectable physicians and surgeons should examine her condition, but the court refused such examination.

The court instructed the jury, that if the plaintiff's child stepped from the train before it was in motion, and the plaintiff stepped off while it was in motion, but without delay, the plaintiff was entitled to recover.

The court also instructed the jury, that if time enough was allowed for the plaintiff to get off the cars, when the train arrived at Monroe City, the defendant was not liable, and that

R. R. passengers, knowing that the train was in motion, were not entitled to recover for damages, if the train stopped a reasonable time.

The jury found a verdict for the plaintiff for $4,000, which was reduced on the suggestion of the judge, who tried the cause, to $2,500.

There was a motion for a new trial, assigning the usual reasons, and the additional ones that the damages were excessive, and that the plaintiff interrupted and embarrassed one of defendant's witnesses, so that the witness did not tell all she knew about the matter, and because the counsel for the plaintiff did not state all his points in his opening argument, and in his closing address made statements of facts outside of the evidence, which tended to mislead and prejudice the jury.

And in support of these latter grounds, affidavits were filed, on the part of the witness who was interrupted, and in regard to the details of the speech made by plaintiff's attorney.

There was also a motion in arrest of judgment, because the petition did not state facts sufficient to constitute a cause of action—there being no allegation of proper care and diligence on the part of plaintiff to avoid the injury received, and negativing any contributory negligence on her part.

Both these motions were overruled.

As to the point that the petition failed to aver the exercise of due care on the part of plaintiff, and to negative the existence of any negligence contributory to the injury received, the case of Thompson vs. N. M. R. R. Co., 51 Mo., 190, upon an examination of the authorities, decides that such allegations are unnecessary.

The instructions given presented the law fairly to the jury, and all the law applicable to the matter in controversy ; those refused were mere abstractions, and had no application to the facts in evidence. Whilst it may be the law, that a passenger, who jumps from a train when in motion, takes the risk of injury to life or limb, it does not follow that the plaintiff in this case could be expected, whilst standing on the steps of the car, and after her child three years old had been lifted out,

33—VOL. LIII.

to have the presence of mind to deliberate on the propriety of following her child although the train immediately commenced to move, nor had she time to reflect on the danger of a straightforward movement at right angles to the train, instead of inclining in the direction the train was moving.

The fact appears in evidence, that the train was behind time and that it did not stop a minute. All the witnesses compute the time by seconds.

The verdict of the jury for the plaintiff, on the facts and under the instructions, was manifestly right.

The amount of damages, as it originally stood, was large, perhaps greater than the injury sustained would seem to authorize; but as this sum was by a remittitur reduced to a sum satisfactory to the judge who tried the case, there is no ground for the interference of this court on that point.

In relation to the affidavit of the bystander concerning the closing argument of the counsel for the plaintiff, it is to be observed, that an advocate, however unrestricted he may and ought to be, in the use of all the forms of rhetoric, such as invective, satire, ridicule or humor, and every variety of illustration drawn from the facts in evidence or from facts hypothetically assumed, ought not to be allowed to make himself a witness, and state facts within his own knowledge, touching the case under discussion.

It is no doubt the duty of the judge, who presides at the trial, to prevent such departures from the proper and legitimate sphere of the counsel; but the line of discrimination between legitimate illustration and comment, and the introduction of facts not in evidence, and having no bearing on the question at issue, is not always clear, since it is always in the power of rhetorical ingenuity and fancy to put facts not in evidence hypothetically to the jury, and by comments on such supposed facts do as much harm to the adverse party through the medium of innuendoes or insinuation, as by plain and unequivocal assertions of their truth.

All these difficulties, however, were remediable under the

old system of charging juries at the close of the case. That power is not now given to the courts, for reasons doubtless satisfactory to the Legislature. The court cannot sum up the evidence, or comment on it, or draw the attention of the jury to the real points in issue, in any other way than by written instructions prepared and given to the jury before the arguments of counsel.

To interfere with the latter, is therefore a delicate matter without infringing on the province assigned by the Legislature to the courts.

Undoubtedly, if this court is to assume as correct the version of the closing speech made by the counsel for plaintiff, portions of it are irregular, and should not have been allowed. But the judge who presided at the trial heard this speech as well as the bystander who reports it, and overruled the motion for a new trial. It may be because the speech was not correctly represented; or it may be because the court was satisfied that the verdict was right, notwithstanding the departure of the counsel from the strict line of his duty as an advocate. Of this that court is certainly better qualified to judge than this court can be, and in ordinary circumstances must necessarily be the sole judge. If this court should undertake to set aside verdicts whenever a bystander should report the argument or address of counsel, and assume the report to be correct, and as reported it appears to us to have gone further than professional duty to his client or the rules of law required, very few verdicts would stand, and jury trials would be an unnecessary and useless expense to suitors.

The same observation will apply to the affidavit of the witness, Alice Johnson, concerning interruptions *sotto voce* made by the plaintiff. The judge who presided heard the evidence of this witness and so did the jury and counsel on either side. The judge could see whether the witness was embarrassed during her testimony. As the judge refused a new trial and certifies the verdict here, we see nothing in this ground disturbing it.

The proposal to the court to call in two surgeons, and have

the plaintiff examined during the progress of the trial as to the extent of her injuries, is unknown to our practice and to the law. There was abundant evidence on this subject on both sides: any opinion of physicians or surgeons at that time would have only been cumulative evidence at best, and the court had no power to enforce such an order.

Judgment affirmed. The other Judges concur