———o———

ISAAC WYATT Appellant, *vs.* THE CITIZENS RAILWAY COMPANY Respondent.

*. Damages—Street railroads—Jumping from platform—Negligence—Jury.*— In suit for damages against a Street Railway Company, where it appeared that a lad of seventeen years, and of sound mind, jumped or stepped from the car while in rapid motion, it was held improper to instruct the jury, that such action *per se* constituted negligence in law on the part of the boy. The question of negligence in such case should be left to the jury.

*Appeal from Buchanan Circuit Court.*

*Ringo & Masterson,* for Appellant.

The second instruction· given for respondent was wrong. The question of negligence in this case was for the jury.

Where the facts are not perfectly clear, as in the case at bar, the whole matter should be submitted to the jury under proper instructions.

The jury should determine whether, notwithstanding the imprudence of the injured person, the defendant could not in the exercise of reasonable diligence have prevented the catastrophe. (Huelsencamp vs. Citizens Railway, 37 Mo., 537; Morrissey vs. Wiggins Ferry Co., 43 Mo., 380; *Id.*, 47 Mo., 521; O'Flaherty vs. Union R. R. Co., 45 Mo., 70; Brown vs. H. & St. J. R. R. Co., 50 Mo., 461; Walsh vs. Miss. Val. Transpt. Co., 52 Mo., 434; Trow vs. Ver. Cent. R. R., 24 Ver., 487; Lovett vs. Salem & S. D. R. R. Co., 9 Allen, 557; Owen vs. Hudson River R. R. Co., 2 Bosw., 374; Macon & W. R. R. Co. vs. Davis' Admr., 18 Ga., 679; *Id.* vs. Wynn, 19 Ga., 440; Aug. & Sav. R. R. vs. McElmurry, 24 Ga.,

75 ; New Haven Steam Bt. Co., vs. Vanderbilt, 16 Conn., 421 ; Birge vs. Gardiner, 19 Conn., 507 ; Kerwhacker vs. C. C. & C. R. R. Co., 3 Ohio St., 172 ; 2 Redf. Railw.; 225-236. Runyon vs. Cen. R. R., 1 Dutch., 556 ; Central Railway & Banking Co. vs. Davis, 19 Ga., 437 ; Bird vs. Holbrook, 4 Bing., 628.)

It made no difference under that instruction what degree of negligence, carelessness, recklessness or misconduct the respondent might have been guilty of, in the management of its car, at the time appellant's son sustained the injury complained of, if appellant's son "was seventeen years old" and "possessed of ordinary mental capacity," and "was not an idiot" nor "an insane person." The finding of those specified and isolated facts by the jury, was sufficient to excuse the respondent in any line of conduct which it might choose to adopt and pursue in reference to a plain and indispensable duty. It was utterly impossible for this instruction to do otherwise than confuse and mislead the jury. (Mead vs. Brotherton, 30 Mo., 201 ; Kennedy vs. N. Mo. R. R. Co, 36 Mo., 351 ; Meyer vs. Pacific R. R. Co., 40 Mo., 151 ; 45 Mo., 137 ; Rose vs. Spies, 44 Mo., 20 ; 1st Nat. Bk. vs. Currie, 44 Mo., 91.)

"It would be manifestly unjust to characterize as negligence the act of yielding obedience to the requirements of the party inflicting the injury, and to hold as between the parties themselves, that it should deprive the party injured of all legal redress." (McIntire vs. N. Y. Cent. R. R. Co., 37 N. Y., 287 ; the same doctrine is maintained in Penn. R. R. Co. vs. McCloskey's Admr., 23 Penn., St. 526.)

*A. H. Vories*, for Respondent.

I. The second instruction given for respondent did not take the case or facts from the jury, but left the jury to find specific facts, and if so found, then to declare that they amounted to such contributory negligence and want of ordinary care, that the verdict must be for defendant. (Redf. Railw., §§ 150, 330, 336 ; Shearm. & Redf. Neg., §§ 43, 46, 62, 64 ; Gin-

non vs. N. Y. & H. R. R. Co., 3 Robertson, 25 ; R. R. Co., vs. Aspell, 23 Penn. St., 147, 150 ; Damont vs. New Orleans & C. R. R., 9 La., [An.] 144 ; Boland vs. Mo. R. R. Co., 36 Mo., 448 ; O'Flaherty vs. Union R. R. Co., 45 Mo., 70 ; Barton vs. St. Louis & I. M. R. R. Co., 52 Mo., 253 ; Ch. & A. R. Co. vs. Randolph, 53 Ill., 510 ; Brown vs. Eur. & North. Am. Railw. Co., 58 Me., 384 ; Callahan vs. Bean, 9 Allen, 401 ; Lovett vs. Salem & S. D. R. Co., *Id.*, 557 ; Porter vs. Harrison, 52 Mo., 524.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is the propriety of the instructions given. The evidence is not preserved. The bill of exceptions merely states, that there was evidence by the plaintiff to prove the issues on his side, and by the defendant to disprove them. The defendant is proprietor of a street railway in the City of St. Joseph. The petition charges that the plaintiff's son, about 17 years old, took passage on the car destined for the crossing of 6th street, at or near the "Oregon House" on 6th street ; that this was a point at which it was customary for defendant's car to stop, when a passenger so desired, and that it was its duty so to do ; that the plaintiff's son, when he arrived at his point of destination, at the Oregon House on 6th street, and at a regular crossing of said street, requested and demanded of the conductor of defendant's car, to stop said car, so that the said plaintiff's son could get out ; but that the conductor, carelessly, negligently, willfully and maliciously refused to stop said car, so that said Wyatt could get out, and at the same time recklessly, negligently, &c., well knowing the danger thereof, ordered him to jump from said car, while it was in rapid motion ; that thereupon said Wyatt, the minor son of plaintiff, in obedience to the order of defendant's conductor, and after having repeatedly requested and demanded that said car should be stopped as aforesaid, after said request had been repeatedly refused as aforesaid, and it being imperatively necessary for said Wyatt to stop at the point aforesaid, &c., stepped or jumped from said car, using

as much care and prudence as he could possibly command. It is further charged, that in consequence of this negligence, &c., on the part of·defendant, said plaintiff's son was thrown upon his right knee, and so injured and bruised, &c., that amputation became necessary, &c. The answer denies these allegations and sets up new matter which it is unnecessary to notice.

The principal point in this case is presented by the 2nd instruction given for the defendant. That instruction is: "If the jury believe from the evidence that at the time said Benj. Wyatt received the alleged injuries, arising from his jumping from the car of the defendant, whilst it was in rapid motion, he was a young man or boy of the age of 17 years or over, and was possessed at said time of ordinary mental capacity, being neither an infant of tender years, an idiot, or insane person, then under the pleadings and evidence in this case the plaintiff cannot recover, and the jury will find for the defendant."

This instruction was virtually a direction to the jury to find for the defendant, since the facts that the boy was 17 years old, and that he was of sound mind, were not disputed. The instruction declares as a matter of law, that if a young man 17 years old steps or jumps from a street car when in rapid motion, it is *per se* negligence, no matter under what circumstances it may have occurred.

It is obvious, that in regarding negligence as a question of fact, the circumstances under which the alleged negligence occurs will materially affect the question. The character of the vehicle from which a passenger alights, is one circumstance which would very much influence one's opinion, as to the prudence or want of prudence of the act; and many other circumstances, under which a person might jump from a carriage drawn by horses, or a car on a railroad drawn by horses, or a car drawn by a locomotive engine propelled by steam, would determine the propriety or prudence of the act. There may be alternatives presented, and a momentary decision required, in cases where the event only shows the wisdom

or folly of the sudden resolution and act; and certainly there is a manifest distinction between railroad cars drawn by horses or other animals, and those propelled by steam engines. What might be well termed rapid motion of the former, would be a very low rate of speed in the latter, and the construction of the cars in street railroads, is essentially different from that of those drawn by locomotive steam engines, so far as the facilities and safety of jumping or stepping from the one or the other is concerned. What would be extreme recklessness in jumping from a car on a railroad, where steam was the propelling power, might be fully justified as proper and prudent in escaping from a car drawn by horses. However this may be, it will at all events be clear, that in considering the question of contributory negligence, the facts and circumstances must necessarily be left to a jury. There is no doubt that ordinarily, the question of negligence is a mixed question of law and fact, and when it is practicable, the court will pass upon the facts. Thus in the case of Karle vs. The K. C., St. Joe. & B. R. *ante p.* 476, a breach on the part of the company of positive requirements of law, may well be pronounced by the court to be negligence. And so in the case of R. R. Co. vs. Aspell, (23 Penn., St., 147,) where the plaintiff leaped from a train of cars in the dark, against the remonstrances of the conductor, and under repeated assurances that the train would be stopped for him in time to get off, the court pronounced such act as pure recklessness, for which the company was not responsible. And so in the case of Boland vs. Missouri R. R. Co., (36 Mo., 448,) where an infant only two years old was killed by being run over by a street car, but the driver of the car, driving slowly and cautiously, had his attention directed in another direction, and knew nothing of the approach of the child, and stopped the car as soon as he was warned of its approach; the court held there was no negligence as a matter of law on the facts in evidence. And so in this case, if the facts stated in the instructions, that the boy was 17 years old and was of sound mind, and jumped from the cars when in rapid motion, constituted negligence in law, without regard to the

other circumstances averred in the petition, and to prove which, we must assume there was evidence, the instruction would be right. But we are not disposed to pronounce such act negligence as a matter of law. The circumstances might justify the act, and it was for the jury to consider these circumstances and determine, whether under the circumstances, the plaintiff acted with ordinary care and prudence as was said by the court in Filer vs. N. Y. Central R. R. Co., (49 N. Y. 47.) "That there was more hazard in leaving a car in motion although moving ever so slowly, than when it is at rest, is self-evident. But whether it is imprudent and careless to make the attempt, depends on circumstances, and where a party, by the wrongful act of another, has been placed in circumstances, calling for an election, between leaving the cars or submitting to an inconvenience and a further wrong, it is a proper question for the jury, whether it was a prudent and ordinarily careful act, or whether it was a rash and reckless exposure of the person to peril and hazard." This was a case where a passenger had taken a ticket for a point on a railroad where the train ordinarily stopped, and was advertised to stop, and on approaching the place, the brakeman called out the name of the place, and the speed of the cars was reduced, and the plaintiff was told to get off, notwithstanding the cars were still in motion, and in attempting to do so, she was injured. The court laid considerable stress on the advice of the defendant's agent to the plaintiff to get off, and on the necessity of her deciding promptly on what she would do, and a verdict, of the jury on the question of negligence was sustained. And in McIntyre vs. Central R. R. Co., (37 N. Y., 287,) it was held not to be negligence for a passenger to follow the directions of a conductor of cars, and pass from one car to another, in a dark and stormy night and over a slippery platform ; and whether this was negligence contributory to the injury received or not, was left to the jury.

And these are cases of accidents or injuries, occurring on cars drawn by locomotive engines. Nor is the doctrine of the court in R. R. Co. vs. Aspell, (heretofore referred to) at all

inconsistent with these positions. The language of Judge Black in that case is strong and pertinent, to the point, and may be readily assented to. He says, "persons to whom the management of a railroad is entrusted, are bound to exercise the strictest vigilance; they must carry the passengers to their respective places of destination, and set them down safely, if human care and foresight can do it; they are responsible for every injury caused by defects in the road, the cars or the engines, or by any species of negligence, however slight, which they or their agents may be guilty of, but they are answerable only for the direct and immediate consequences of errors committed by themselves. They are not insurers against the perils to which a passenger may expose himself by his own rashness and folly." Therefore, the conclusion of the learned judge was, that if a passenger on a railroad was foolhardy enough to jump from the train on a dark night, when it was in motion, and despite of the assurances of the officers that it would stop at the place he desired to get off, it was mere recklessness and was at his own risk. But the case under consideration, is essentially different, and shows the impossibility of pronouncing on negligence as a matter of law, where it must be determined by a complication of circumstances, more readily, and indeed only to be appreciated by a jury. Whether it would be safe or prudent for a young man of seventeen, to alight from a street car, going at the rate of four or five miles an hour, which may be assumed as the maximum speed of ordinary draft horses on a trot, is a question proper to be submitted to a jury; and whether the refusal of the conductor to stop at the point where the boy wished to stop, and his order to jump, might not have prompted the boy to a precipitate and unwise determination, and thus relieved him of any imputation of rashness and recklessness, seem to be appropriate questions of fact for the determination of a jury. A review of the decisions of this court on this subject, which of late years have been numerous, would only show that each case depended very much on its own peculiar facts. "It is one thing" Judge Woodward observed, in the Penn. R. R. Co.,

vs. Kilgore, (32 Penn. St., 292,) "to define a principle of law, and a very different matter to apply it well ; the rights and duties of parties grow out of the circumstances in which they are placed." Hence, the great variety of aspects in which the question of negligence is regarded by the courts, and the apparent inconsistency between many of the decided cases. In regard to the other instructions given in this case, enough has been said to show that they were mainly correct, and not calculated to mislead.

We will reverse the judgment, and remand the case. The other judges concur, Judge Vories not sitting