BENJAMIN B. TAYLOR, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 23, 1887.

1. NEGLIGENCE — WHAT ACTS AMOUNT TO CONTRIBUTORY NEGLI-GENCE—RULE CONCERNING.—What acts or conduct amount to contributory negligence is necessarily governed by the circumstances of the particular case. The recklessness or heedlessness should be very apparent to justify a declaration by the *court*, as *a matter of law*, that certain conduct on the part of the complainant amounted to contributory negligence. Where it is questionable, it is for the *jury* to say whether, under the circumstances of the particular case, the conduct amounts to contributory negligence.

2. —— PLEADING—CANNOT BE SHOWN UNDER GENERAL DENIAL. Contributory negligence is a matter of defence, and must be *pleaded* to be available as a defence; and where no such issue is presented by the pleadings, instructions concerning it are properly refused. But, if plaintiff's own proof clearly establishes that the injury complained of was as much the result of his own negligence as that of the party of whose negligence he complains, he cannot recover.

#### On Motion for Re-hearing.

3. —— PLEADING—AVERMENT OF CARE BY PLAINTIFF NOT NECES-SARY—PRESUMPTION.—It has been an uncontroverted rule in this state, since the case of *Thompson* v. *Railroad* (51 Mo. 190), that a plaintiff need not allege, as a part of his complaint, that he was, at time of his injury, in the exercise of ordinary care, or that he was not guilty of contributory negligence. The *presumption* is with the plaintiff, and the *burden* is upon the defendant, in this regard. So it has been repeatedly ruled that, if contributory negligence is

to be relied upon, it must be pleaded by defendant in order to avail him.

4. ——— LEAVING A CAR WHILE IN MOTION—WHETHER PRUDENT OR NOT TO BE LEFT TO THE JURY.—Whether it is imprudent and careless to attempt leaving a car while in motion, depends upon circumstances; and where a party, *by the wrongful act of another*, has been placed in circumstances, calling for an election between leaving the cars, or submitting to an inconvenience and a further wrong, it is a proper question for the jury whether it was a prudent act, or whether it was a reckless exposure of the person to peril.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

*Motion for re-hearing overruled.*

The case is stated in the opinion.

THOMAS G. PORTIS and WILLIAM S. SHIRK, for the appellant.

I. Defendant's objection to the *introduction of any evidence*, because the petition fails to state a cause of action, and shows, upon its face, such *contributory negligence* as precludes a recovery, should have been sustained. *Doss v. Railroad*, 59 Mo. 37; *Nelson v. Railroad*, 68 Mo. 593; *Kelley v. Railroad*, 70 Mo. 604; *Price v. Railroad*, 72 Mo. 418; *Strauss v. Railroad*, 75 Mo. 185; *Henry v. Railroad*, 76 Mo. 293; *Leslie v. Railroad*, 88 Mo. 56; *Railroad v. Aspell*, 23 Pa. St. 147; *Railroad v. Bangs*, 47 Mich. 470; *Shannon v. Railroad*, 23 Am. & Eng. R. R. Cases, 511; *Railroad v. Letcher*, 12 Am. & Eng. R. R. Cases, 115; *Morrison v. Railroad*, 56 N. Y. 302; *Burrows v. Railroad*, 63 N. Y. 556; 2 Rorer on Railroads, p. 1091, sect. 5; 2 Wood's Railway Law, sect. 305, p. 1148.

II. Defendant's instruction, in the nature of a demurrer to the evidence, should have been given. Same authorities cited under first point.

III. The instructions given to the jury at the request of the plaintiff are improper and misleading.

IV. The verdict is grossly excessive.

G. W. Barnett and W. W. S. Snoddy, for the respondent.

I. The petition does not show such contributory negligence as precludes recovery, for it is for *the jury* to determine whether stepping off the train, while in motion, was, under the circumstances, such negligence as would preclude a recovery ; hence, the court did not err in overruling defendant's objection to the introduction of any evidence by the plaintiff. *Leslie v. Railroad,* 88 Mo. 56 ; *Doss v. Railroad,* 59 Mo. 27 ; *Kelly v. Railroad,* 70 Mo. 604 ; *Wyatte v. Railroad,* 55 Mo. 485 ; *Railroad v. Pointer,* 14 Kas. 37 ; *McQuilton v. Railroad,* 2 Pacific Rep.; *Railroad v. Rollins,* 5 Kan. 167 ; *Sawyer v. Rollins,* 10 Kan. 466 ; *Railroad v. Gladman,* 15 Wall. [U. S.] 401 ; *Delameter v. Railroad,* 24 Wis. 578 ; *Harvey v. Railroad,* 116 Mass. 269 ; Story on Bailments, sects. 11 and 12 ; *Bigelow v. Rutland,* 4 Cush. 247 ; *Bradley v. Railroad,* 2 Cush. 539 ; *Munro v. Leach,* 7 Met. 274 ; *Hall v. Lowell,* 10 Cush. 260 ; *Providence v. Clapp,* 17 How. 161 ; *Patterson v. Wallace,* 1 Macy, 748 ; *Aldridge v. Railroad,* 4 Scott, 164 ; *Coombs v. Purrington,* 42 Me. 332 ; *Foster v. Dickfield,* 18 Me. 380 ; *Carlton v. Bath,* 2 Foster, 559 ; *Leicester v. Pittsfield,* 6 Vt. 245 ; *Beers v. Railroad,* 19 Conn. 566 ; *Park v. O'Brien,* 23 Conn. 339 ; *Curtiss v. Railroad,* 20 Barb. 282 ; *Dougherty v. Stephenson,* 20 Pa. St. 210 ; *Chaplin v. Hawes,* 3 Car. & P. 554 ; *Ingalls v. Bills,* 9 Met. 1 ; *Slapes v. Saltonstall,* 13 Pet. 181 ; *Robinson v. Dane,* 22 Vt. 213 ; *Birge v. Gardner,* 19 Conn. 507 ; *Stafford v. Railroad,* 4 West. Rep. 790 ; *Solomon, Admr'x, v. Railroad,* 4 Cent. Rep. 775.

II. Defendant's instruction, in the nature of a *demurrer to the evidence,* was properly refused. Same authorities cited under first point.

III. The instructions given to the jury *properly declare the law* applicable to this case. See same authorities first cited.

IV. The verdict *is not excessive*, and does not show any partiality, prejudice or corruption.

V. The defence of *contributory negligence must be pleaded* in the answer, and is not available in this case, as the answer is a general denial. *Donovan v. Railroad*, 89 Mo. 147; *Thorpe v. Railroad*, 89 Mo. 650; *Petty v. Railroad*, 88 Mo. 396.

ELLISON, J.—This is an action for personal injury. Plaintiff recovered judgment for two thousand dollars, and defendant appeals.

Defendant offered no evidence at the trial, and but one instruction, which was in the nature of a demurrer to the testimony. The material portion of the petition was as follows:

"That, on the morning of May 2, 1883, the plaintiff purchased a ticket from defendant's ticket agent at the town of LaMonte, in said county (Pettis), authorizing him, the said plaintiff, to ride upon defendant's cars from LaMonte to Sedalia, in said county, and return to said town of LaMonte, and that plaintiff went to Sedalia and returned to LaMonte on defendant's cars on said day, but, on returning to said town of LaMonte, the defendant's train of cars, on which plaintiff was riding by authority of the ticket which he had purchased, failed to stop at LaMonte, although plaintiff requested the conductor in charge of said train to stop said train at said station, and let said plaintiff off; and plaintiff says that he was on a train that regularly stopped at said station, and it was the duty of the employes of defendant in charge of said train to have stopped said train at said station and let plaintiff off said train. Plaintiff says, that, at that time, his wife was dangerously sick at LaMonte, and he was compelled to get off at that station to attend to her, and while said train failed to stop at the depot at LaMonte, as it was accustomed to do, and as

plaintiff supposed it would do, yet said train, on approaching said depot at said station, slackened its speed and passed said depot and station slowly, so that plaintiff had reason to believe, and did believe, that he could get off said train, while thus slowly moving, with safety to himself; and, upon being informed by said conductor in charge of the train that said train would not stop at said depot, the plaintiff attempted to get off and alight from said train while the same was thus slowly moving past said depot, the plaintiff then and there using due caution and care in attempting to get off said train, and, by reason of said train thus moving, plaintiff was thrown violently on his left shoulder and arm, breaking the bones of his said shoulder and injuring his left arm; that said injuries were of a serious and permanent nature, permanently disabling plaintiff's left arm and shoulder."

Defendant's answer was a general denial.

Defendant objected to any evidence under the petition, the grounds of objection being that it stated no cause of action; showing upon its face that the injury happened by reason of the contributory negligence of plaintiff. This objection was overruled. What acts or conduct amount to contributory negligence is necessarily governed by the circumstances of the particular case. The recklessness or heedlessness should be very apparent to justify a declaration by the court, as a matter of law, that certain conduct on the part of the complainant amounted to contributory negligence. Where it is questionable, it is the province of the jury to say, whether, under the circumstances of the particular case, the conduct amounts to contributory negligence. "For one to jump from a train of steam cars while in rapid motion, voluntarily, and not to avoid some threatened danger, is negligence, but to step from a car while in motion to a station platform, may or may not be negligence. Whether it is or not is a question of fact for the jurors to determine from all the circumstances. *Doss v. Railroad*, 59 Mo. 27; *Kelly v. Railroad*, 70 Mo. 607.

It would be better, in such cases, to submit the question by leaving it to the jurors to determine whether a prudent person, in a like situation, and under like circumstances, would have made the step or leap." *Leslie v. Railroad*, 88 Mo. 50. In *Doss v. Railroad* (59 Mo. 27), it is said that acts, such as shown in the petition, "are risks which the most prudent men will take."

It follows that, as the petition presents a case for the jury, the court was correct in its ruling on the objection presented.

II. It is next urged that defendant's demurrer to the evidence should have been sustained, on the ground that the testimony showed the injury to have happened by reason of plaintiff's contributory negligence.

It would, as a general rule, be sufficient answer to this to say that no such defence was interposed by defendant. The alleged contribution to the accident should have been set up in the answer. *Northrup v. Ins. Co.*, 47 Mo. 435, 444 ; *Thompson v. Railroad*, 51 Mo. 190; *Donovan v. Railroad*, 89 Mo. 147. In the latter case no evidence was offered by defendant, but an instruction, which amounted to a demurrer, was asked ; of this the court say : "The defendant aswered alone by general denial. Contributory negligence is a matter of defence, and must be pleaded to be available as a defence. No such issue of fact was presented in this case, and, for these reasons, the instruction was properly refused." This is the latest ruling of the supreme court on this question. That case, in connection with that of *Milburn v. Railroad* (86 Mo. 104), appear to establish a distinction as to contributory negligence in the matter of pleading. In the latter case it is held that, though contributory negligence is not pleaded, yet, if plaintiff's own proof "clearly establishes that the injury he complained of was as much the result of his own negligence as that of the party of whose negligence he complains," he cannot recover. In the case before us we do not consider that the evidence, on part of plaintiff, showed

negligence in him sufficient to justify the court in declaring, as a matter of law, he could not recover. The question was properly submitted to the consideration of the jury.

We do not regard the damages assessed as excessive, under the rules governing appellate courts, in considering such questions.

The judgment is affirmed. Philips, P. J., concurs in the result. Hall, J., absent.

### On Motion for Re-hearing.

ELLISON, J.—We are earnestly urged to re-hear this case, on the ground that the opinion rendered asserts untenable propositions in cases of this nature, and that it is not in line with recognized authority on such subjects.

It has been an uncontroverted rule, in this state, since the case of *Thompson v. Railroad* (51 Mo. 190), that a plaintiff need not allegé, as part of his complaint, that he was, at the time of his injury, in the exercise of ordinary care, or that he was not guilty of contributory negligence. The presumption is with the plaintiff, and the burden with the defendant in this regard. So, it has been repeatedly ruled, in keeping with this proposi tion, that if contributory negligence is to be ruled upon it must be pleaded by defendant in order to avail him.

In addition to authorities, in original opinion, see, *Lloyd v. Railroad* (53 Mo. 509); *Buesching v. Gas Light Co.* (73 Mo. 219); *Crane v. Railroad* (87 Mo. 588); *Petty v. Railroad* (88 Mo. 306). It was not stated in the original opinion, nor do we now say that plaintiff may recover if his own case shows contributory negligence, even though it is not pleaded. We expressly recognized the authority of *Milburn v. Railroad* (86 Mo. 104).

Under the peculiar facts developed in this case, we think the question of contributory negligence was prop-

erly left for the determination of the jury. The facts
do not present such a case as will justify us, as a matter
of law, to say the plaintiff was at fault. Defendant had
contracted to carry him to LaMonte, and stop sufficient
time for him to alight there. Defendant was in the
habit of carrying passengers to that point on this train;
it had carried plaintiff before. This time plaintiff was
in sore need of stopping, he had left his family sick,
and his attention was needed. Defendant, to suit its
own convenience, without caring for plaintiff's situa-
tion, refused to stop the train, but slowed up to the
pace of the ordinary trotting of a horse and buggy.
Plaintiff felt that he should not be carried to the
next station, where he would be compelled to remain
over night, and stepped from the train. His was
not a wanton and causeless act committed by an indiffer-
ent person. While he had cause for his anxiety to get
off, and while it was his right to be put off at that point,
yet these would not justify him in reckless conduct.
He must act as an ordinarily prudent and careful man
would under similar circumstances, and whether he did
so act, under the circumstances, was properly left to the
jury. "That there was more hazard in leaving a car
while in motion, although moving ever so slowly, than
when it is at rest, is self-evident. But whether it is
imprudent and careless to make this attempt depends
upon circumstances; and where a party, by the wrong-
ful act of another, has been placed in circumstances
calling for an election between leaving the cars or sub-
mitting to an inconvenience and a further wrong, it is a
proper question for the jury, whether it was a prudent
and ordinarily careful act, or whether it was a rash and
reckless exposure of the person to peril and hazard."
*Filler v. Railroad,* 49 N. Y. 47. That case was cited
with approval in *Wyatt v. Railroad* (55 Mo. 490).

The case of *Railroad v. Randolph* (53 Ill. 510),
with the exception that the plaintiff was told by a
brakeman that he might get off, is a much stronger case

than this. Plaintiff purchased a ticket and boarded a "through freight train" which did not stop at the station at which he wished to alight. As the train approached the station it "was running slowly;" the conductor informed plaintiff that it would not stop. Plaintiff then went out on the platform and "leaped from the train," yet the question of contributory negligence was submitted to the jury.

The motion is overruled.