MINNIE DUNCAN, Respondent, v. THE WYATT PARK RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1. Common Carriers: PASSENGER ALIGHTING FROM MOVING CAR. An instruction set out in the opinion prescribing the conditions under which plaintiff would not be entitled to recover for injuries resulting from alighting from a moving street car is approved under the circumstances of this case.

2. ——— : ———. The act of alighting from a moving car cannot be declared negligence as a matter of law, regardless of attending circumstances. (*Following Richmond v. Railroad*, 49 Mo. App. 100.)

3. ——— : ——— : NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE. Cases involving negligence and contributory negligence as presented in this case depend for their proper decision upon the facts and circumstances surrounding each case.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Amick & Brown*, for appellant.

(1) It is gross negligence to alight from a moving car when there is no real or apparent necessity for doing so, or when one is not invited or requested by persons in charge of the car so to do. *Clotsworthy v. Railroad*, 80 Mo. 223; *Nelson v. Railroad*, 68 Mo. 593; *Eaches v. Railroad*, 127 Pa. St. 316; *Secor v. Railroad*, 10 Fed. Rep. 15; *Watts v. Railroad*, 82 Ga. 229; *Aspel v. Railroad*, 23 Pa. St. 147; *Jewell v. Railroad*, 54 Wis. 610; *Dougherty v. Railroad*, 86 Ill. 467; *Leslie v. Railroad*, 57 Tex. 83. (2) By thus inserting the word "negligently" the court placed an additional burden upon the defendant. The court should have declared that such acts were negligence, and not direct the jury that they might determine that for themselves. *Clotsworthy v. Railroad*, *supra*; *Nelson v. Railroad*, *supra*; *Eaches v. Railroad*, *supra*; *Secor v. Railroad*, *supra*; *Hazzard v. Railroad*, 26 Ill. 382; *Stratton v. Railroad*, 78 Ill. 88.

*Kelley & Kelley*, for respondent.

(1) When reasonably prudent men might differ as to whether an act is negligent under the existing circumstances, the question should be submitted to the jury. *Dickson v. Railroad*, 104 Mo. 491; *Kenney v. Railroad*, 105 Mo. 270; *Corcoran v. Railroad*, 105 Mo. 399; *Becke*

*v. Railroad,* 102 Mo. 544; *Tabler v. Railroad,* 93 Mo. 79; *Barry v. Railroad,* 98 Mo. 62; Pierce on Railroads, p. 316. (2) It may be negligence to jump off a car propelled by steam when it is in rapid motion, but if it was moving slowly it would be a question for the jury. *Clotsworthy v. Railroad,* 80 Mo. 220; *Straus v. Railroad,* 75 Mo. 185, and cases cited; *Swigert v. Railroad,* 75 Mo. 475; *Leslie v. Railroad,* 88 Mo. 50; *Nelson v. Railroad,* 68 Mo. 593; *Doss v. Railroad,* 59 Mo. 37. See cases cited by appellant. But it is not negligence *per se* to step off a street car when it is moving slowly. *Wyatt v. Railroad,* 55 Mo. 485; *Fortune v. Railroad,* 10 Mo. App. 252; *Railroad v. Hale,* 80 Mo. 142; *Railroad v. Smith,* 8 Mo. 86; *Doss v. Railroad,* 59 Mo. 37; 102 Mo. 270.

ELLISON, J.—This action is for personal injuries received by plaintiff in attempting to get off of one of defendant's street cars in the city of St. Joseph. Plaintiff recovered in the trial court and defendant appeals. The material facts are few, and are as follows: Plaintiff on boarding the car notified the conductor that she wished to get off at Eighteenth and Jule streets. The conductor failed to stop at that point. As soon as she discovered that she was being carried by she called the attention of the conductor, who, as is contended by defendant, rang the bell as a signal to stop the car, but that plaintiff, against the conductor's protest, walked out on the platform and proceeded to get off before the car had stopped, in consequence of which she was thrown down and injured.

Based on this theory of the testimony, the court gave for defendant the following instruction: "The court instructs the jury that if plaintiff requested the conductor in charge of defendant's car to stop said car, and to allow her to alight therefrom, and if they believe that said conductor signaled the driver of said car to stop same, and requested plaintiff to remain on said car

until, it could be stopped, and if they believe that plaintiff, not regarding said conductor's request, and while said driver was trying to stop said car she alighted therefrom, while said car was still in motion, and thereby received the injuries complained of, they will find their verdict for defendant."

Defendant was not satisfied with this instruction and complains because the court did not give instructions declaring that if plaintiff stepped off the car while it was in motion, and was thereby injured, she could not recover; in other words, declaring such conduct to be negligence as a matter of law, regardless of whether the conductor asked her not get off until he could stop the car, and regardless of the rapidity of the motion of the car. The defendant's contention is not good, as is established by the following adjudications and authorities cited: *Taylor v. Railroad*, 26 Mo. App. 336; *Wyatt v. Railroad*, 55 Mo. 485; *Doss v. Railroad*, 59 Mo. 37. See also *Richmond v. Railroad*, 49 Mo. App. 100.

Plaintiff's act in getting off while the car was yet in motion "was not a wanton and causeless act committed by an indifferent person." She had directed the conductor to let her off at a certain point. Her direction was not heeded, and she had been carried by. We think that the instruction given for defendant, as above set out, correctly declared the law in defendant's behalf, and that those which were refused, to which we have referred, were properly refused.

The cases of *Clotsworthy v. Railroad*, 80 Mo. 223, and *Nelson v. Railroad*, 68 Mo. 593, are not opposed to the foregoing. The syllabus in the latter case is misleading. It is proper to say in this case, as has been often said before, that cases of this nature, involving questions presented here, depend for their proper decision upon the facts and circumstances surrounding each case. Under the facts developed in this case, we are satisfied with the court's rulings, and affirm the judgment. All concur.