RUTH L. SANDERSON, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 20, 1896.

1. Passenger Carriers: ALIGHTING FROM TRAIN: CONTRIBUTORY NEGLIGENCE. Where a passenger, having reached the lower step of the platform in alighting from a train, is in the act of stepping off onto the platform when the train starts up, he may step off if he believes he can do so with reasonable safety, without being guilty of contributory negligence.

2. ——: ——: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE. Where a party by the wrongful act of another has been placed in circumstances calling for an election between leaving the cars or submitting to an inconvenience and a further wrong, it is a proper question for the jury whether it was prudent and ordinarily careful or whether it was a rash and careless exposure of the person to peril and hazard.

3. ——: ——: POSSIBLE DANGER: CONTRIBUTORY NEGLIGENCE. That the passenger may apprehend possible danger of injury in getting off a train while in motion, would not prevent a recovery, provided the train was moving slowly and the passenger acted as a prudent person would have done under similar circumstances; and mere knowledge that he is in danger of falling in attempting to alight does not constitute contributory negligence.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*M. L. Clardy* and *Wm. S. Shirk* for appellant.

(1) One of the fundamental ideas underlying this action is, that the plaintiff believed and had good cause to believe, as a reasonably prudent person, that she could safely step off of the car, while in motion. *Strauss v. Railroad*, 75 Mo. 185; *Swigert v. Railroad*, 75 Mo. 475; *Waller v. Railroad*, 83 Mo. 608; *Strauss v. Railroad*, 86 Mo. 421; *Hickman v. Railroad*, 86 Mo. 191. And yet the plaintiff's own evidence affirmatively shows that she knew it was dangerous for her to step off the car, and that before she did so she called for help to keep her from falling. Under such circumstances she can not recover. *Brown v. Barnes*, 25 Atl. Rep. 144. (2) Another fundamental principle underlying this case is, that the train was not stopped long enough to allow plaintiff to alight therefrom by the use of reasonable expedition, before it again started. *Hurt v. Railroad*, 94 Mo. 255, and authorities cited. And yet no witness testifies to facts which show or tend to show that the train did not stop long enough to allow the plaintiff to alight by the use of reasonable expedition. (3) Plaintiff's own evidence shows that the train stopped amply long enough to allow her to alight from the train had she not been detained by passengers getting aboard, and had it not been for her infirmity. There is no pretense of notice to defendant's agents and servants managing the train, that plaintiff had been detained, or of her infirmity. Under such circumstances defendant's employees had the right to presume that all passengers for Osage station had left the cars, after such reasonable time had been given them, and it was not negligence in them to start the train at any time thereafter, in the absence of knowledge or notice, that she was in the act of alighting. *Hurt v.*

*Railroad,* 94 Mo. 255, on 263; *Railroad v. Reeves, Adm'r,* 11 S. W. Rep. 464. (4) There is no evidence whatever, that any of defendant's servants in charge of said train knew that plaintiff was in the act of alighting therefrom, when the train was started. In the absence of such notice no action can be maintained on the ground of having started the train while she was in the act of alighting. See authorities to first point, *supra.*

*Silver & Brown* for respondent.

(1) The defendant's demurrer to the evidence was rightly overruled. Plaintiff's evidence not only tends to show, but the weight of the evidence is decidedly to the effect, that defendant's train did not stop long enough at the station to enable her, by the use of reasonable diligence, to get off, and, this being true, the case was properly submitted to the jury. *Culberson v. Railroad,* 50 Mo. App. 556; *Richmond v. Railroad,* 49 Mo. App. 105; *Strauss v. Railroad,* 75 Mo. 185; *Strauss v. Railroad,* 86 Mo. 421; *Swigert v. Railroad,* 75 Mo. 475; *Clotworthy v. Railroad,* 80 Mo. 220; *Waller v. Railroad,* 83 Mo. 608; *Weber v. Railroad,* 100 Mo. 194; *Fulks v. Railroad,* 111 Mo. 335. Whether the conduct of the passenger in alighting from a train while in motion was an act of negligence, is a question for the jury. Authorities, *supra.* (2) The trial court did not err in refusing instruction number 6 as asked by the defendant. The correlative instruction number 3, given for plaintiff, properly stated the law, as did also instruction number 3, given for defendant. See authorities, *supra.* (3) The instructions given for defendant stated the law most favorably for it, and the motion for new trial was rightly denied.

ELLISON, J.—This action is for personal injuries received by plaintiff in getting off one of defendant's trains at Osage, a station on defendant's line of road. Plaintiff recovered judgment.

Plaintiff was a passenger on defendant's train, having taken passage at Chamois, for Osage, where she left the car. She met some ladies on the platform of the car who were getting on, and was also a little disconcerted in meeting a man getting on the steps as she was descending. These incidents detained her a short space of time. She had a basket in one hand; and was in poor health. The train did not stop as long as usual. As plaintiff expressed it in her testimony: "They didn't give a body time to get off. It didn't stop, it looked to me, over a minute or two." When she got on the bottom step of the car, with one foot on the step and the other out, in the act of getting down onto the station platform, the train started and she, proceeding still to get down, fell, as she alighted, and received the injuries of which complaint is made. While she had one foot on the platform step and the other out, in the act of putting it on the station platform, she was holding with one hand to the iron platform railing. It was while in such position the train started, and she called to a man whom her husband had sent to the depot to meet her, to help her, as she was going to fall. The train was then moving faster, and while she was in that situation she called for help. She said that, "before the train began to move I had one foot off the lower step. There was nothing left for me to do but to swing off. I held on while the car ran about a car length. When I saw that I was not able to get off without falling, I called to Doc Wainwright to catch me, as I was going to fall."

Defendant interpreted the evidence, on argument, so as to have plaintiff announce that she was going to

fall and call for help, while she yet stood on the step and before she was in the act of stepping off. It is clear to us that such interpretation ought not to be given to the testimony. There was ample evidence, the tendency of which was to show that the train did not stop as long as usual and not long enough to enable plaintiff to get off in safety. If, therefore, the jury believed it did not, and also believed that she was in the act of stepping off, one foot on the lower step and the other off, when the train started up, they could not well have done otherwise than return a verdict for her. We have no hesitation in saying that there was abundant evidence to justify a finding for plaintiff, if the jury placed reliance in it.

But, assuming that the train was moving, before plaintiff began to get off the bottom step, and that she stepped off while the car was in motion, and may have apprehended the possibility of danger, yet there was evidence sufficient to justify the jury in finding that she believed she could do so safely, considering the speed of the train at the time, and that she did no more, in making the attempt, than a reasonably prudent person, under the same circumstances, would have done. In considering the question of plaintiff's culpability, in attempting to get off a moving train, the circumstances in which she was placed should not be overlooked. There is more risk and danger in leaving a car while in motion, than when standing, and we assume that any-one knows this. "But whether it is imprudent and careless to make the attempt depends upon circumstances; and where a party by the wrongful act of another, has been placed in circumstances calling for an election between leaving the cars, or submitting to an inconvenience and a further wrong, it is a proper question for the jury, whether it was a prudent and ordinarily careful act, or whether it was a rash and

reckless exposure of the person to peril and hazard.'' *Fuller v. Railroad*, 49 N. Y. 47. We have approved of that quotation on two occasions. *Taylor v. Railroad*, 26 Mo. App. 343; *Richmond v. Railroad*, 49 Mo. App. 104. See, also, *Wyatt v. Railroad*, 55 Mo. 490.

We do not find any error in the court's giving plaintiff's third instruction. Considered in connection with the others, and with the evidence, it was properly given. The instruction declares that, the fact that plaintiff may have apprehended possible danger of injury in getting off the train while in motion would not prevent a recovery, provided the train was moving slowly, and that plaintiff acted as a prudent person would have done under the same circumstances. The doing an act with the apprehension ''of possible danger'' ought not to be considered contributory negligence, when applied to one in the situation which the evidence shows plaintiff was placed, especially if the act was such as a prudent person would have done under like circumstances. So of the sixth instruction, refused for defendant. It declared, as a matter of law, that if plaintiff, at the time she stepped off the train, ''knew she was in danger of falling,'' she was guilty of contributory negligence. To say that one knew he was in danger of falling, is no more than to say that he thought he might fall. This instruction had reference to the position in which plaintiff found herself when on the step as the train started, and it was properly refused. Besides this, by the instructions given in the cause, the whole matter as to the manner of plaintiff's getting off the train was fully and properly submitted to the jury. There could have been no misunderstanding on the part of the jury as to this.

We have not discovered any error in the trial and, hence, affirm the judgment. All concur.