ELLIOTT V. ST. LOUIS & IRON MOUNTAIN R. R. Co., *Appellant.*

1. *Proctor v. Hannibal & St. Joseph R. R. Co., 64 Mo. 112,* affirmed.

2. **Negligence**: EMPLOYER AND EMPLOYEE: DAMAGE ACT CONSTRUED: EVIDENCE. An action by the legal representatives of a deceased person under the third section of the damage act, (Wag. Stat., p. 520,) can only be maintained where the deceased, had he survived, could have recovered damages for the injury; and the same evidence as to the cause of the injury is required in the one case as in the other; proof of the fact, that the employee was injured or killed in consequence of the use of defective machinery, will not, of itself, make out a case against the employer. It must also be shown that the employer was aware of the defect, or that, by the use of reasonable care on his part, it would have been discovered.

*Appeal from Washington Circuit Court.*—Hon. LOUIS F. DINNING, Judge.

*Thoroughman & Warren* and *Wm. R. Donaldson* for appellant.

1. The second clause of section 2, p. 519, 1 Wag. Stat., does not continue the right of action to the plaintiff, as deceased was confessedly not a passenger, but an employee. It was not embraced in the first clause of that section, for that relates to injuries received from negligence of employees while running a train, and this action is not for such negligence, but for alleged defective road and cars. The words "other person" do not include a servant injured by defective appliances, any more than one injured by negligence of a fellow servant. *Connor v. C. R. I. & P. R. R. Co.,* 59 Mo. 284; *Proctor v. H. & St. Joe R. R. Co.,* 64 Mo. 112.

2. Under section 3, the right of action is preserved only where the party injured could have maintained the action if death had not ensued. A servant must aver and prove negligence or want of care of the master in pro-

viding or using the defective machinery, and this negli-
gence is the gist of the action. Shearman & Red. on Neg.
(3 Ed.) § 99; Wharton on Neg., § 234; *McDermott v. Pacific
R. R. Co.*, 30 Mo. 115; *Gibson v. Pacific R. R. Co.*, 46 Mo.
163; *Devitt v. Pacific R. R. Co.*, 50 Mo. 302.

*Thos. W. B. Crews* and *Chas. M. Napton* for respond-
ent, cited *Gibson v. Pacific R. R Co.*, 46 Mo. 163; *Dale v.
St. L., K. C. & N. Ry. Co.*, 63 Mo. 455; *Henschen v. O'Ban-
non*, 56 Mo. 289.

HENRY, J.—The plaintiff's petition alleges, that David
O. Elliott, father of Mamie, was an employee of defendant,
and was killed, in consequence of the use of defective
machinery by the company, on a train of cars of which
said Elliott was a brakeman, and it was to recover dama-
ges for the killing of her father that Mamie prosecuted
this suit.

The court and her counsel seemed to have based her
right to recover on the second section of our damage act,
and, in the third instruction for plaintiff, the jury were
told, that if they found for plaintiff, they should assess the
damages at $5,000. Inasmuch as four members of this
court adhere to the doctrine announced in the case of
*Proctor v. H. & St. Joe. R. R. Co.*, 64 Mo. 112, that no
action can be maintained under that section, by an em-
ployee, from which I dissented, and still dissent, the judg-
ment herein must be reversed, and the cause remanded.
Plaintiff's right to recover is derived from the third section
of the damage act, and in an action by one authorized to
sue by that section, the jury may allow less than $5,000.

As the cause will be remanded and probably retried,
it is proper to determine another question which is pre-
sented by the second instruction given for plaintiff. The
third section of the damage act is as follows: "When-
ever the death of a person shall be caused by a wrongful
act, neglect or default of another, and the act, neglect or
default is such as would, (if death had not ensued,) have

entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured." The 4th section declares what parties may sue, and the amount of damages to be recovered. The second instruction predicates the right of plaintiff to recover upon proof that defendant failed to provide sound and suitable machinery, if Elliott was not negligent, and was ignorant of the defect in the machinery.

The suit can only be maintained when the deceased, if he had lived, could have recovered damages for his injury, and the same evidence as to the cause of the injury is required in a suit by his representative, that would have been required had he survived and sued for the injury. Would proof of the fact that the employee was injured in consequence of the use of defective machinery, of itself, have made a case against the employer at common law? We apprehend not, and if not, neither will it be sufficient in an action authorized by the third section of the damage act. In the analagous case of an injury received by one, through the incompetency of his fellow servant, in a suit against the common employer, " it is, (said NAPTON, J., in *McDermott v. Pacific R. R. Co.*, 30 Mo. 116,) well settled by the English decisions that the employment of incompetent agents must be traced to the want of ordinary care on the part of the principal." *Beaulieu v. Portland Co.*, 48 Me. 291. In other words, proof of the incompetency of the fellow servant, and that the injury resulted from such incompetency, is not sufficient, but must be supplemented with evidence that the principal did not exercise ordinary care in the employment of such incompetent servant.

The first instruction for plaintiff recognizes the law as we understand it, by declaring that plaintiff had a right to recover on proof that the injury was occasioned by the

use of defective machinery, and that defendant was aware of this defect, or that the exercise of reasonable care by defendant would have disclosed it. This doctrine is recognized in *Gibson v. Pacific R. R. Co.*, 46 Mo. 166; *Dale v. St. L., K. C. & N. R. R. Co.*, 63 Mo. 453; *McDermott v. Pacific R. R. Co.*, 30 Mo. 116, and *Devitt v. Pacific R. R. Co.*, 50 Mo. 305. In nearly all the cases of suits by employees against employers for injuries received by the former, in consequence of defective machinery, the right of plaintiff to recover has been held to depend upon proof that the employer knew of the defect, or, by the exercise of reasonable care, could have ascertained it. *McMillan v. Saratoga & Washington R. R. Co.*, 20 Barb. 449; *Keegan v. The Western R.R. Co.*, 4 Selden (N. Y.) 175; *Mad. River & L. E. R. R. Co. v. Barber*, 5 Ohio St. 541; Shearman & Redfield on Negligence, § 99. The question of the negligence of defendant was ignored by the court in the plaintiff's second instruction, which was therefore erroneous. The judgment is reversed and the cause remanded. All concur.

REVERSED.