HOLMES v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Measure of recovery by Widow for the killing of her Husband.**
When a laborer employed by a railroad company is killed in consequence of the use of defective apparatus, a cause of action accrues to his widow under section 3 of the damage act, (Wag. Stat., p. 520,) and not under section 2; and the measure of damages will not be the sum of $5,000, as provided in section 2, but a sum not exceeding that amount as provided in section 3. (*Elliott v. St. L. & I. M. R. R. Co.*, 67 Mo. 272.)

*Appeal from Macon Circuit Court.*—HON. JOHN W. HENRY; Judge.

*Geo. W. Easley* for appellant.

The second section of the damage act can have no application to this case, because the recovery for defective machinery, cars, &c., under that section, is confined exclusively to passengers. The language is: "And when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car," &c., the owner shall forfeit and pay the sum of $5,000. The respondent's right of recovery should have been based on the third section of the damage act. The instruction should have directed the jury, if they found for the respondent, to assess her damages at a sum not exceeding $5,000. Field on Damages, p. 502, § 631.

*Williams & Eberman* for respondent.

This case comes within the provisions of section 2 of the damage act. *Schultz v. Pacific R. R. Co.*, 36 Mo. 13; *Rohback v. Pacific R. R. Co.*, 43 Mo. 187; *Connor v. C. R. I. & P. R. R. Co.*, 59 Mo. 293; *Gibson v. Pacific R. R. Co.*, 46 Mo. 163.

NORTON, J.—This suit was brought in the Macon county circuit court to recover damages for the death of Charles Holmes, the husband of plaintiff. The petition alleges that said Charles Holmes was employed by defendant as a laborer on a construction train of defendant, and that while so employed he was killed on the 4th day of November, 1873, in consequence of a defective and broken hinge fastening a dump box to the frame work of a car which was being used in said construction train. The answer of defendant traversed all the allegations of the petition except that deceased was in its employ. A trial of

the cause was had at the January term, 1876, of said court, which resulted in a verdict and judgment for plaintiff of $5,000, from which defendant has appealed, and seeks a reversal of the judgment principally on the ground of alleged error committed by the court in giving and refusing instructions. Among other instructions given against the objection of defendant, was the following:

The jury are instructed that it is the duty of railroad companies, as between them and their employees to provide suitable machinery and appliances for the prosecution of the work which their employees are engaged in, and if they find from the evidence that the dumping box which deceased was using at the time he was thrown from the car, was from its make and construction unfit for the work in which it was employed, and that defendant knew, or by the exercise of reasonable care and diligence might have known, that said box was unfit for the work of dumping dirt from a train in motion at ordinary dumping speed, and they further find that deceased was exercising ordinary care and prudence at the time he was thrown from the car, and did not know that said box was unfit for said work, they should find a verdict for plaintiff, and assess her damages at $5,000.

This instruction is objected to on the ground that it does not lay down for the guidance of the jury the proper rule as to the damages they should find for plaintiff if they believed the facts on which they predicated their right to find for plaintiff. It is insisted that section 3, and not section 2, of the damage act governs as to the measure of recovery, and that the jury should have been directed that if they found for plaintiff they should assess the damages at a sum not exceeding $5,000. This precise question was presented to this court in the case of *Elliott v. St. Louis & Iron Mountain R. R. Co.*, 67 Mo. 272, and it was there held that the "plaintiff's right to sue was derived from section 3 of the damage act, and in an action by one authorized to sue by that section, the jury may allow less than

$5,000." That case is decisive of this, and necessarily leads to a reversal of the judgment. With this exception we find no error in the proceedings at the trial. Judgment reversed and cause remanded, in which all the judges concur, except Judge HENRY, not sitting.

REVERSED.