COVEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

86 635
37a 233
86 635
52a 57
86b 635
55a 494
86b 635
121 659
58a 329
59a 281
86b 635
84a 454
86 635
Case 2
92a [1]117
86 635
Case 2
173 [1]531
97a [2]482

1. **Master and Servant:** MACHINERY: NEGLIGENCE. It is the duty of an employer to use reasonable and ordinary care and foresight in procuring appliances for the use of his servants, and in keeping the same in repair. But he is not required to furnish absolutely safe machinery, and what is reasonable and ordinary care depends upon the nature and character of the implement, and the dangers to be encountered in its use.

2. ——: ——: DAMAGES. The right of the servant to recover damages for injuries incurred in the use of defective machinery, depends upon proof that the injuries were so incurred, and that the

master was aware of the defect, or that the use of reasonable care on his part would have disclosed the defect.

3. ———: AGENT, KNOWLEDGE OF.    Knowledge of defects on the part of the agents of the employer, who are intrusted with the duty of procuring machinery and keeping the same in repair, is to be attributed to the employer.

4. ———: DUTY OF SERVANT: LATENT DEFECTS.    While the servant is not bound to search for latent defects, he must take notice of those which are open to his observation, and of which he has knowledge, and if, with such information, he continues to use the implement, he does so at his own risk, as to injuries arising from such known defects.

5. Practice: WEIGHT OF EVIDENCE: DEMURRER.    It is not the province of the court to determine the weight of the evidence, and where it is conflicting, a demurrer to the evidence, and instructions of a like character, are properly refused.

6. Master and Servant: VICE-PRINCIPAL.    It is error to single out a servant upon whom none of the duties of the master, as to furnishing proper appliances and keeping the same in repair, devolve, and predicate a right to recover upon such servant's knowledge of defects, or his want of care.

*Appeal from Macon Circuit Court.* — Hon. Andrew Ellison, Judge.

REVERSED.

*Strong & Mosman, Smith & Krauthoff* and *George W. Easley* for appellant.

(1)  The master does not warrant to his servants absolutely the sufficiency or safety of the implements furnished for their work, but only for the exercise of reasonable care in that respect; and where an injury results to an employe from a defect in the implement furnished, knowledge of the defect must be brought home to the employer, or proof that he omitted the exercise of proper care to discover it.    The burden is on plaintiff to prove the omission.  *Booth v. Ry.,* 67 N. Y. 593; *De-Groff v. Ry.,* 76 N. Y. 125.    Defendant must use reasonable and ordinary care in procuring implements and

appliances for its servants' use. *Porter v. Ry.*, 71 Mo. 76. No well considered case holds the employer to a stricter liability. *Ib.* (2) An employer does not undertake absolutely with his employes for the safety or sufficiency of the implements furnished for their work, but only for the exercise of reasonable care in that respect, and when an injury to an employe results from a defect of the implement furnished, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it. Negligence is the gist of the action. *Wright v. N. Y. Central Ry.*, 25 N. Y. 566; *Warner v. Erie Ry.*, 39 N. Y. 468–475; 80 N. Y. 46; *Murphy v. Boston & Albany Ry.*, 88 N. Y. 146; 54 Wis. 259; *DeGroff v. Ry.*, 76 N. Y. 125; *Hough v. Ry.*, 100 U. S. 213; *Frazier v. Ry.*, 38 Pa. St. 104; *Lanning v. Ry.*, 49 N. Y. 521; *Elliott v. Ry.*, 67 Mo. 272; Cooley on Torts, 557; *Long v. Ry.*, 65 Mo. 225. Proof that the employe was injured in consequence of the use of defective machinery will not, of itself, make out a case against the employer. It must be shown, also, that the employer was aware of the defect, or that by the use of reasonable care on his part it would have been discovered. *Elliott case, supra ; Gibson v. Ry.*, 46 Mo. 166; *Dale v. Ry.*, 63 Mo. 453; *McDermott v. Ry.*, 30 Mo. 116: *Devitt v. Ry.*, 50 Mo. 305; Wood M. & S., sec. 411. There is no implied contract on the employer's part that he will "attend to those matters in person." Wood's Master and Servant, p. 897, sec. 452. There can be no recovery unless there is proof of neglect of some duty which the master owes to his servant. *McCroskee v. Ry.*, 84 N. Y. 77. There is an allegation that defendant knew the car handle was defective before the accident, but there is not the slightest attempt in the evidence to prove it. It remains wholly unproved. The law presumes that defendant had performed its duty in inspecting the implement, until the contrary is shown in evidence. Wood M. and S., secs. 346, 368; *Worner v.*

*Ry.*, 39 N. Y. 468. The fact that the car handle broke, did not, of itself, tend to overcome the presumption in the master's favor. (3) The instruction asked, that under the pleadings and evidence the verdict must be for the defendant, should have been given. Negligence cannot be presumed by the court or the jury. There must be some evidence. *Powell v. Ry.*, 76 Mo. 80, and cases cited. (4) It was error to submit to the jury in plaintiff's first instruction to find from the evidence whether defendant's car handles were accustomed to be repaired. It was error to submit to the jury whether defendant was ordinarily diligent and careful. There was no evidence of negligence. *Powell's case, supra. Prima facie*, it is presumed the master is not at fault. This presumption must be overcome by proof of fault on the master's part, that he knew, or should have known, of the defect. Wood on M. and S., sec. 368.

: *J. L. Berry* for respondent.

(1) In selecting appliances and machinery for the servant's use, the master is bound to exercise reasonable and ordinary care and foresight. The master is presumed to know what the service is, and the dangers likely to be encountered, and must use such diligence and precaution as the exigencies of the service require. What is "ordinary care and caution" to be observed by the master, depends upon the character of the service. *Wabash Ry. v. McDaniels*, 107 U. S. 454; *Hough v. Ry.*, 100 U. S. 213. Respondent's instructions fairly presented this point to the jury. *Siela v. Ry.*, 82 Mo. 430. (2) Appellant was bound to use due care in keeping and maintaining the hand car in such condition as to be reasonably safe for respondent's use, considering the dangers of the service. This was for the jury to find. *Railroad v. McDaniels, supra; Lewis v. Ry.*, 59 Mo. 495; *Condon v. Ry.*, 78 Mo. 567, and authorities cited;

*Bran v. Ry.*, 53 Iowa, 595 ; *Ford v. Ry.*, 110 Mass. 240 ; *Gibson v. Ry.*, 46 Mo. 163 ; *Ellis v. Ry.*, Ohio L. J., Sept. 13, 1884. (3) Respondent had the right to assume that the machinery and appliances furnished him were safe and suitable for the business in which he was engaged, and was not required to examine or search to ascertain their fitness; but this the master was bound to do. The defect in this car handle was not patent, but should have been known to the company's agent, and could have been discovered by the exercise of such diligence as the company was bound to observe. *Condon v. H. & St. Jo. Ry.*, *supra; Porter v. H. & St. Jo. Ry.*, 71 Mo. 66, and authorities cited; *Porter v. same*, 60 Mo. 160 ; *Ford v. Fitchburg Ry.*, 110 Mass. 240.

BLACK, J.—The plaintiff, a carpenter, was in the employ of the defendant and was engaged in repairing bridges. He and his co-laborers had furnished to them a hand-car, which they used in transporting themselves and their tools from place to place. On the occasion in question, he and his other co-laborers, seven in all, got on the car with a chest of tools. They acted with some haste, in order to look after two or more bridges that evening. While going at the rate of nine or ten miles an hour, the handle broke and the plaintiff was injured. He sues for damages because of these injuries, and charges negligence on the part of defendant in this (1) that the handle had been made from brittle ash wood, unfit for the use, and (2) that it had been permitted to remain in use without inspection for five years, by reason of which long use and exposure it had become unsafe.

The first question raised is as to whether there was any evidence to warrant the court in submitting the cause to the jury. Plaintiff had used the car for two months before the accident. The handle was about four feet long, passed through an eye of iron by which it was held at the middle. When it broke, plaintiff was at one end

of the handle, another of the gang was at the other, and a third was at the middle, all at work propelling the car. He says the handle was smooth and one could not tell that it was defective unless examined for defects or taken out; that he did not know that it was defective; that it appeared all right. Four carpenters were called by the plaintiff and were examined, with the broken im_plement before them, as experts. It appears the handle broke off quite square at the iron band, and at this point was somewhat colored by iron rust, and at the broken part showed evidence of dry rot and was "doty." It had sun-checks in it, or, rather, on the outside. These witnesses generally give it as their opinion that the stick was taken from a large and brittle tree; some say from near the sap, and others say they cannot tell as to that. Some of them say it was taken from a dead tree, one that has no life in it; and others are unable to express an opinion upon that question. They say it was made of light ash. One witness said he did not consider it a strong piece of wood at any time, another that it was light ash and had a little too much age; that it would be lighter if taken from a dead tree than if taken from a green one. The same character of evidence tends to show that if the stick was from a dead or brittle piece of timber, all this could be detected by one when making it into a handle, if the workman paid any attention to that matter. It is said merely looking at the timber would not discover such defects, but a close examination would, and that its weight would be an element; if light, that would indicate that it had been taken from a dead tree. This evidence also tends to show that the handle, when in the car, to all outward appearances was fair. One witness says the decay could have been discovered by an examination at the band.

The defendant proved that the car was built at its shops at Hannibal. Mr. Goff testified that he was a carpenter, and that he worked at the shops; that the handle

was of his make, and that he built defendant's hand-cars; that the handles came to him sawed out, and that he examined and rejected all unfit pieces; that they are first tested by observation, then in the vise, and again when in the car. He says it is not usual to take them out for inspection after they are once in, and that they usually last as long as the other portions of the car; that no hand-car has been out on the road for more than two years until brought in for repair.

1. It is the duty of the master to use reasonable and ordinary care and foresight in procuring appliances and in keeping the same in repair, to the end that the same shall be safe. He is not required to furnish absolutely safe appliances. What reasonable and ordinary care is, depends upon the nature and character of the implement and the dangers to be encountered in its use. The right to recover damages in this class of cases is made to depend upon proof that the injury was caused by the use of defective machinery, and that the defendant was aware of the defect, or that the use of reasonable care on the part of the defendant would have disclosed the defect. *Elliott v. Ry.*, 67 Mo. 272, and cases cited. Knowledge on the part of the agents of defendant, who are intrusted with the duty of procuring the machinery and of keeping the same in repair, is to be attributed to the defendant. *Porter v. Ry.*, 71 Mo. 66. While the servant is not bound to search for latent defects, he must take notice of those which are open to his observation and of which he has knowledge, and if, with such information, he will use the implement, he does so at his own risk, as to injuries arising from such known defects.

There is no direct evidence in this case that the defendant or its agents at any time knew this handle was defective. There is evidence, however, tending to show that it was made of a bad piece of timber and was de-

fective, and that this would have been discovered by the use of reasonable care and foresight in the construction of the car and its equipments. It is not our province to determine the weight of that evidence as opposed to that offered by the defendant. It tends, also, to show that this defect in the wood was one which would not be discovered by its ordinary use. Under these circumstances, and this state of the evidence, the demurrer to the evidence and the instructions of a like character were properly refused. *Siela v. Ry.*, 82 Mo. 430.

2. Objection is made to the plaintiff's first instruction, which in substance is, that if, at the time of the injury, defendant operated repair or machine shops at Hannibal, under the supervision of a foreman, at which shops the hand-cars used on the road were furnished and repaired; that the handle in question was unsafe, defective and unfit for use in the car, by reason of being brittle ash, or from brittleness or unsoundness occasioned by long use and exposure to the weather; that said superintendent, or foreman, knew of said defect, or by ordinary care and diligence might have known thereof; that plaintiff was injured by reason of such defects, then the defendant is liable, if plaintiff was at the time exercising ordinary care and was unaware of such defect. We do not see how an instruction could be predicated upon knowledge of the defect by the superintendent of the machine shops, or upon his lack of care. The plaintiff and his co-laborers were under the immediate charge of their foreman, Ryan. Plaintiff says Ryan gave them orders for everything he wanted done; if the cars wanted fixing he told them to go and do it; and that they did not do it unless he ordered them to do so; it was his duty to see that the car was repaired; if anything was wrong with the machinery he ordered new, and his duty was to report to the superintendent of that department, Carter, who lived at Brookfield. The original construction and testing of a handle was delegated to Goff.

These facts are not disputed. It is unreasonable to infer from the evidence that a car should be sent to the shops to repair a handle, when in the hands of carpenters. The only inference is, that such repairs were made by them on the order of Ryan. The foreman of the shops does not seem to have had any duty to perform, either as to testing the handles when made, or in looking to the repair. · Goff and Ryan stood in the place of defendant in these respects. It was error to single out an agent upon whom none of these duties devolved and predicate a right to recover upon his knowledge of the defect, or want of care. For these reasons the first and sixth instructions given at request of plaintiff should have been refused.

Plaintiff's seventh instruction is probably included in the record by mistake, as there is but one count in the petition.

For the errors before stated the judgment is reversed and the cause remanded for new trial. The other judges concur.