SCHLERETH v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Practice:** PLEADING : CONTRIBUTORY NEGLIGENCE. Contributory negligence is a matter of defense and to be availed of must be pleaded.

2. —— : —— : ——. Where the answer is a general denial, the defendant cannot invoke the contributory negligence of the plaintiff, unless the evidence offered in the latter's behalf shows such contributory negligence as will defeat the action.

3. **Negligence :** RAILROADS : VIOLATION OF CITY ORDINANCE. The violation of a municipal ordinance regulating the rate of speed of trains is negligence *per se*.

4. —— : —— : ——. If such negligence be established, and injury is done to person or property by the train, it will, in the absence of other evidence, be presumed to have been caused by failure to comply with the ordinance in question.

5. —— : PRACTICE. In actions for negligence the court should, by its instructions, confine the jury to the specific grounds of negligence alleged in the petition.

6. —— : ACTION BY WIFE FOR DEATH OF HUSBAND : MEASURE OF DAMAGES. In an action by the wife of an employe of a railroad company against the latter for the death of her husband, the measure of damages is not the fixed sum of five thousand dollars, but a sum not exceeding five thousand dollars. (*Affirming Flynn v. Railroad*, 78 Mo. 195).

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED AND REMANDED.

The following are the instructions discussed in the opinion :

"The jury are instructed that if they believe from the evidence, that on or about the twenty-sixth day of November, 1884, the plaintiff one Anton Schlereth were husband and wife and that said Anton died on or about the day aforesaid and left the plaintiff surviving him as his widow, and that on or about said day, the defendant, by its officers, agents, servants, employes, was running, conducting or managing one of its locomotives, and that said locomotive was then running on, along and over defendant's line of railway within the limits of the city of St. Louis, and that said locomotive was then run against or upon the body of said Anton, and that said Anton was then struck with said locomotive and injured, and that said Anton died of such injury on or about said day, and that such striking of said Anton and injury to him, resulted from, or was occasioned by the negligence of any of said officers, agents, servants or employes of defendant whilst running, conducting or managing said. locomotive at or prior to the time said locomotive was run against, or upon the body of said Anton, they will find for the plaintiff.

"The jury are further instructed that if they find for the plaintiff they will assess her damages at the sum of five thousand dollars."

*Bennett Pike* for appellant.

(1)   The testimony did not make a *prima-facie* case, and the demurrer to the evidence should have been sustained. *McGowan v. Railroad*, 61 Mo. 528 ; *Marshall v. Schricke*, 63 Mo. 309 ; *Travers v. Railroad*, 63 Mo. 424 ; *Zimmerman v. Railroad*, 71 Mo. 484 ; *Lenix v.*

*Railroad*, 76 Mo. 86, 91 ; *Railroad v. Hall*, 72 Ill. 222. (2) The court committed error in giving the instructions asked by plaintiff. *Lester v. Railroad*, 60 Mo. 265 ; *Turner v. Railroad*, 51 Mo. 501 ; *Flynn v. Railroad*, 78 Mo. 195 ; *Holmes v. Railroad*, 69 Mo. 585. (3) The court erred in refusing to give the instructions asked by defendant. See cases cited under first head.

*E. P. Johnson* for respondent.

(1)   The failure to ring the bell continuously at any place within the limits of the city, whether on a street or not, while running, and running at a rate of speed exceeding six miles per hour, in violation of the city ordinances, was negligence *per se* in the appellant. *Keim v. Railroad*, 90 Mo. 321 ; *Bergman v. Railroad*, 88 Mo. 678 ; *Merz v. Railroad*, 88 Mo. 677 ; *Maher v. Railroad*, 64 Mo. 275 ; *Karle v. Railroad*, 55 Mo. 483. (2) Deceased had a right to presume that the ordinance, in regard to speed and ringing the bell, would have been complied with by appellant, and the jury might have well have inferred that these omissions caused the injury. *Petty v. Railroad*, 88 Mo. 319 ; *Johnson v. Railroad*, 77 Mo. 551 ; *Keim v. Railroad*, 90 Mo. 321, 323 ; *Donahue v. Railroad*, 91 Mo. 357. (3) The presumption of law in this case is, there being no evidence on that point, that deceased was not guilty of negligence at the time of the injury, and the jury were fully justified in finding that the negligence of the appellant, in running at a rate of speed prohibited by, and failing to ring the bell in violation of, the city ordinances, caused the injury. *Petty v. Railroad*, 88 Mo. 320 ; *Schum v. Railroad*, 107 Pa. St. 8 ; *Flynn v. Railroad*, 78 Mo. 212 ; *Swigert v. Railroad*, 75 Mo. 480 ; *Buesching v. Gas Co.*, 73 Mo. 233. (4) There was no error in refusing the instructions asked by appellant.

SHERWOOD, J.—Action for damages, brought by plaintiff against defendant for causing the death of her husband, Anton Schlereth, who was killed by one of defendant's trains near Tower Grove station, in the city of St. Louis, while he was in defendant's employ as track-repairer.

Omitting formal parts, the petition is as follows : "That on said day the defendant, by its officers, agents, servants and employes, was running, conducting and managing one of its said locomotives, which was then and there being propelled by steam power on, along and over its said line of railway, within the limits of the city of St. Louis, and ran the said locomotive against and upon the body of said Anton, whereby said Anton was violently struck with said locomotive and thrown down and injured, of which injury the said Anton died on said day ; that said injury to said Anton resulted from, and was occasioned by, the negligence and unskillfulness and criminal intent of said officers, agents, servants and employes of defendant whilst running, conducting and managing said locomotive, at and prior to the time it was run against and upon the body of said Anton ; that by sections twenty-five and twenty-six of article four of chapter thirty-one of the revised ordinances of the city of St. Louis, approved March 29, 1881, entitled 'Public Carriers,' it is, among other provisions, provided as follows :

" ' Sec. 25.   It shall not be lawful within the limits of the city of St. Louis for any car, cars or locomotive propelled by steam power to run at a rate of speed exceeding six miles per hour.

" ' Sec. 26.   It shall not be lawful within the limits of the city of St. Louis for any car, cars or locomotive propelled by steam power to obstruct any street crossing by standing thereon longer than five minutes, and when running the bell of the engine shall be constantly sounded within said limits.'

"That, contrary to the provisions aforesaid of said ordinances of the city of St. Louis, said locomotive was, at and prior to the time it was run against and upon the body of said Anton, running at a rate of speed exceeding six miles per hour, and the bell of the engine of said locomotive was not constantly sounded while running within the limits of said city of St. Louis, at and prior to the time it was run against and upon the body of said Anton; that, at and prior to the time said locomotive was run against and upon the body of said Anton, the said locomotive was running at an irregular and unusual hour, at an immoderate and dangerous rate of speed, at a point in the city of St. Louis where great care and caution in running the same were required, and no warning or signal of its approach was given.

"That by reason of the aforesaid negligence and unskillfulness, and criminal intent, of said officers, agents, servants and employes of the defendant, in running, conducting and managing said locomotive, whereby it was run upon and against the body of said Anton, by which he was thrown down and injured, and of which injury he died as aforesaid, she has been damaged in the sum of five thousand dollars, for which she asks judgment."

The answer was a general denial. The testimony tended to show that the deceased started at Tower Grove station, and walked in a westerly direction, upon the railroad track, going to work upon defendant's road, and at a distance of twelve hundred or fifteen hundred feet from that station, was struck and run over by some train and killed. Though the testimony showed that the accident happened in the city limits, yet it did not show that the railway tracks between that station and King's Highway, are laid upon a street, or are crossed by a street, for that distance, some three-fourths of a mile, and at the point of the accident, a train could

readily be seen in either direction for some three hundred yards. The deceased had been in the employ of defendant in that neighborhood, about four years, and was, therefore, presumably conversant with the perils of the locality and its immediate surroundings.

It had been the custom for ten or twelve years for the hands on that section of the road, to start to their work on a hand-car; but on the morning referred to, as the distance was short, they walked. There are two tracks at the point mentioned, one north and one south track, and they run parallel for a long distance. No one saw the deceased on the track, nor saw him at the time he was struck, nor knew the situation he was in; but the testimony tends to show that the deceased could have seen and heard the train coming east or the engine going west, if he had looked, or had listened; and tended to show that if upon the track, the deceased could have been seen by those in charge of the train or engine; and the testimony also tended to show that the ordinances quoted in the petition and read in evidence, were not complied with by those in charge of either engine or train; and there was testimony tending to show that the engine did not exceed in its rate of speed that prescribed by ordinance. On the facts thus presented, the main question for determination is, should an instruction in the nature of a demurrer to the evidence have been given?

I.    It is the settled law of this court that the contributory negligence of the plaintiff is a matter of defense, and must be pleaded and proved in order to escape liability. *Thompson v. Railroad*, 51 Mo. 190; *Lloyd v. Railroad*, 53 Mo. 509; *Stephens v. City of Macon*, 83 Mo. 345; *Petty v. Railroad*, 88 Mo. 306. The only defense the answer sets up is a general denial, and therefore, the defendant is in no condition to invoke the contributory negligence of the plaintiff, unless the evidence offered in behalf of plaintiff shows such contributory negligence, as defeats the action. *Milburn v.*

*Railroad*, 86 Mo. 104. But there is no such evidence here.

II. And it is the established law of this court that the violation of municipal ordinances which regulate the rate of speed, etc., of trains is negligence *per se* (*Keim v. Railroad*, 90 Mo. 314, and cas. cit.), and if such negligence be established, and injury is done to person or property by the train, it will, in the absence of other evidence, be presumed to be caused by the first negligent act of the company, to-wit, the failure to comply with the ordinance in question. See above authorities. On these grounds only can the refusal of the trial court to give the instruction in the nature of a demurrer to the evidence be supported.

III. There was error in giving the first instruction asked on behalf of the plaintiff, in that it did not confine the jury to the specific grounds of negligence alleged in the petition.

IV. In the second instruction, also, for plaintiff, there was error as to the measure of damages. *Flynn v. Railroad*, 78 Mo. 201; *Holmes v. Railroad*, 69 Mo. 536; *Elliott v. Railroad*, 67 Mo. 272.

Therefore, judgment reversed and cause remanded. All concur; RAY, J., absent.