BERNARD KRAMPE, Respondent, v. ST. LOUIS BREWING ASSOCIATION, Appellants.

St. Louis Court of Appeals, November 7, 1894.

1. **Master and Servant**: DUTY OF FORMER REGARDING APPLIANCES. The master is not an insurer of the sufficiency of the appliances furnished by him to his servant. He is required only to use ordinary and reasonable care and foresight in procuring such appliances and keeping them in repair, to the end that the same shall be safe.

2. ————: DUTY OF INSPECTING APPLIANCES. The duty of the master to inspect the appliances, in order to maintain them in a reasonably safe condition, is continuous. This does not mean that a continuous inspection must be exercised from moment to moment, but only that it must be such as is reasonable under all the circumstances.

3. ————: BURDEN OF PROOF. In an action by the servant against the master for personal injuries resulting from an insecure appliance, the burden is upon the servant to show, in the first instance, that the master failed to exercise the reasonable care required of him by the law; until this is done, the master is not under any obligation to account for the injuries on a theory consistent with due care on his part.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*P. Taylor Bryan* for appellant.

The instruction for a nonsuit should have been given. Defendant was not an insurer of plaintiff; and, in order to hold defendant liable, knowledge that the steps were loose at the time of the accident must be brought home to him, or proof given that he was ignorant of the same through want of care. *O'Malley v. Railroad,* 113 Mo. 319; *Currant v. Railroad,* 86 Mo. 62;

*Elliott v. Railroad*, 67 Mo. 272; *Breen v. Cooperage Co.*, 50 Mo. App. 202; *Benjamin v. Railroad*, 50 Mo. App. 612; *O'Donald v. Patton*, 117 Mo. 13; *Clough v. Hoffman*, 132 Pa. St. 626; *Riechla v. Greensfelder*, 52 Mo. App. 43; Wood on Master and Servant [2 Ed.], secs. 368, 382. This fact, namely, that the defendant knew or ought to have known that the steps were loose, must affirmatively appear, not as a result of bare conjecture, but as a legitimate inference from the evidence. The mere happening of the accident is no evidence of negligence, and the bare possibility that the defendant knew or might have known of the defect is not sufficient to establish it. There is always a presumption that he discharged his duty and was not at fault, and if no proof to the contrary be adduced, this presumption remains, and it is error to submit the question to the jury. *O'Donnel v. Baum*, 38 Mo. App. 245; *Breen v. Cooperage Co.*, 50 Mo. App. 202, and cases cited; *Calahan v. Warne*, 40 Mo. 136; *Smith v. Railroad*, 37 Mo. 292; *Sack v. Railroad*, 137 Ill. 129; *Morrison v. The Phillips, etc., Co.*, 44 Wis. 405; *De Graff v. Railroad*, 76 N. Y. 125. No inference that the defendant had knowledge of the steps being loose could arise in this case. The steps having been in daily use for some time, and having uniformly proved safe, there was nothing to cause the defendant to suspect that the steps were in any way out of order. *O'Malley v. Railroad*, 113 Mo. 319; *Sappenfield v. Railroad*, 91 Cal. 48. The steps having become suddenly out of repair, defendant was entitled to a reasonable time within which to discover their condition and repair same. *Benjamin v. Railroad*, 50 Mo. App. 612; *Lamperte v. Laclede Gaslight Co.*, 14 Mo. App. 376; *Railroad v. Stiles*, 20 Ill. App. 648; *Clough v. Hoffman*, 132 Pa. St. 626; *Railroad v. Allen*, 47 Ill. App. 465; Wood on Master and Servant [2 Ed.], sec. 332.

*Meriwether & Meriwether* for respondent.

It is not incumbent on the servant to search for latent defects in the implements furnished him by his employer; but he has, without any investigation, the right to assume that they are safe and sufficient for the purpose. *Porter v. Railroad*, 71 Mo. 66. The employer is bound to exercise reasonable care and prudence to provide reasonably safe mediums and appliances, and, if this duty is neglected, he is liable. *Whalen v. Centenary Church*, 62 Mo. 326; *Reber v. Tower*, 11 Mo. App. 199; *Corey v. Railroad*, 86 Mo. 635; *Railroad v. Gildersleeve*, 33 Mich. 133; *Bradbury v. Goodwin*, 108 Ind. 286. The question whether or not the defect is discoverable is for a jury to determine. *Lecky v. Railroad*, 65 Cal. 150; *Rummell v. Dillworth*, 111 Pa. 343.

ROMBAUER, P. J.—The defendant is owner and operator of a brewery. The plaintiff was a laborer in the defendant's employ, and it was part of his duty to carry kegs from one part of defendant's premises to another. In doing this, the plaintiff was required to walk over three steps leading from the ground to a platform. On the morning of the day when the accident complained of happened, the plaintiff in the course of his employment was walking up these steps, when they slipped under him, and he was precipitated to the ground and broke his arm. He thereupon instituted this suit, and on the trial thereof recovered a verdict and judgment against the defendant for $1,500.

The errors assigned by the defendant are that the verdict is not supported by substantial evidence, and hence the court erred in refusing to instruct the jury to find a verdict for the defendant; also that the verdict is opposed to the instruction given to the jury at

defendant's request (no instructions asked by the plaintiff were given), that the court gave erroneous instructions of its own motion, and that the verdict is excessive.

The only negligence charged in the plaintiff's petition was a failure on defendant's part "to secure the steps in place so that they would not slip or go away." On that subject the plaintiff testified that the steps were secured by a pin standing in front of them, and the only other witness offered by the plaintiff on the subject testified that they were secured by two pins or bolts driven between the granite blocks of the pavement in front of the riser next to the ground. There was no evidence offered *by the plaintiff* tending to show that this was not the usual way in which steps of this character are secured in their place so that they would not slip, or that it was not a reasonably sufficient way of fastening them; nor was there any evidence that the steps were in any way shaky or insecure the day preceding the accident. The only witness who testified on the latter subject *for the plaintiff* distinctly stated that he had passed up and down these steps a number of times the day preceding the accident, and up to the close of working hours on that day, and that he was quite sure he would have noticed it if anything had been wrong with the steps the day preceding the accident. The accident happened in broad daylight and immediately preceding the beginning of working hours of the day.

This being all the evidence for plaintiff bearing upon the cause of the accident and circumstances surrounding it, it is evident that the plaintiff had failed to make out a case entitling him to go to the jury. The master is not an insurer of the safety of appliances he furnishes to his servant; all he is required to do is to furnish such as are reasonably safe, sound and

sufficient for the purpose *(Flynn v. Bridge Co.*, 42 Mo. App. 529), or, as some cases state it, to use reasonable and ordinary care and foresight in procuring appliances and in keeping the same in repair, to the end that the same shall be safe. *Covey v. Railroad*, 86 Mo. 635, 641.

The master, it is true, is under the duty of continuous inspection to maintain such appliances in a reasonably safe condition; that duty of inspection, however, is not a continuous inspection from moment to moment, but one which is reasonable under all the circumstances. If, therefore, these steps were secure at the close of working hours of one day, the master could not be held responsible. on a bare showing that they were insecure at the beginning of the working hours on the next day, without a further showing that there was a reasonable probability that their security would be disturbed in the interim by some cause which the master, in the exercise of reasonable care, should have foreseen and guarded against. The testimony *of the plaintiff* in this case is wholly devoid of any such showing. We must conclude, therefore, that the court erred in not instructing the jury at the close of the plaintiff's case to find a judgment for the defendant.

The plaintiff, however, contends that, if anything was lacking in his case, it was supplied by the defendant's evidence, so that the defendant is not in a position to complain, and the case was properly submitted to the jury on the entire evidence in the case. The defendant's evidence tended to show that these steps were constructed about eighteen months prior to the date of the accident; that they were built of oak plank, two inches thick; that they were kept in place by iron bolts three-fourths of an inch thick, and securely driven between the granite blocks of the pavement in front; that these bolts were fastened to the riser next to the ground by iron staples attaching the bolts to the riser;

that the upper step was fastened to the building or platform by hoop iron strips two inches wide, and three-eighths of an inch thick; and that on the morning of the accident, and immediately thereafter, it was found that one of these pieces of hoop iron was broken, the grain of the iron indicating a fresh break, and that one or both of these bolts were drawn from the ground, indicating that the displacement and break were the result of some violent force applied to the steps in the interval between the close of working hours on the preceding day, and the date of the accident. There was also further testimony, elicited mainly on cross-examination of defendant's witnesses, tending to show that the bottom of these steps rested on a paved roadway (whether street, alley or yard, does not distinctly appear), and that the defendant's beer wagons were in the habit of passing over the roadway during the late hours of the night, and early hours of the morning. The roadway on which the wagons usually passed was a distance of four feet from the bottom of the steps.

Upon these facts the argument is predicated that, it appearing that the displacement of the steps was the result of a violent force, it became probable that such force consisted of one of defendant's beer wagons striking the steps, a contingency against which the defendant should have guarded them, or else that it should have fastened the steps sufficiently to prevent their displacement by such a force.

The vice of the argument is apparent. It does not appear from the evidence whether the beer wagon could strike these steps at all, since there is no affirmative evidence that guards to prevent such an occurrence were missing. The fact that the steps were struck by a beer wagon rests on bare conjecture; there is neither evidence that any of them passed there *during that night,* nor that the displacement bore any indication of

a collision of the beer wagon with the steps. Nor is there any evidence that the defendant could have foreseen the *probability* of such a collision, it not appearing that the steps were in dangerous proximity to the roadway, and it affirmatively appearing that, although the steps were in an identical position for a period of eighteen months preceding the accident, no such collision had occurred before.

The trial court evidently misconceived the law governing cases of this character. It was for the plaintiff to prove *his whole case*, and, unless he did so, the defendant was under no obligation to show that the plaintiff had no case. It was for the plaintiff to show that the defendant failed to exercise that reasonable care which the law imposes upon the master, and, until he had done this either by his own evidence or that of the defendant, the defendant was under no obligation to explain the causes of the accident on a theory consistent with due care on its own part. Giving to the defendant's evidence its greatest probative force in favor of plaintiff's claim, it still falls short of tending to show the probable cause of the accident, and fails entirely to show that the probability was one which the master in the exercise of reasonable care was bound to foresee and guard against.

It results from the foregoing that the trial court erred in refusing the instructions to find a verdict for the defendant. In view of a possible retrial of the cause, we will add that under the decisions in this state, which require that the negligence charged should be specifically stated, the charge in plaintiff's petition is not specific enough to include a negligent guarding of the steps. Instruction *B*, given by the court, would be erroneous, even if the petition were specific enough, as it relates to a negligence not shown by the evidence.

Judgment reversed and cause remanded. All concur.