DANIEL HESTER, Respondent, v. JACOB DOLD PACKING COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1900.

1. **Master and Servant:** NEGLIGENCE: SCIENTER: INSTRUCTION. An instruction that the master is liable if a plank, where the servant had to walk, was weak, insufficient, unfit and dangerous, etc., is bad, since it ignores the question of the master's knowledge or opportunity to know the condition of the plank.

2. ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. If a servant's instruction as to the negligence of the master is correct, he does not have to embrace the master's theory of his knowledge of the defect, since the master can submit such theory in an instruction of his own.

3. ———: NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE: MEASURING MASTER'S KNOWLEDGE BY SERVANT'S: INSTRUCTION. An instruction on negligence and contributory negligence should not measure the master's knowledge by the servant's, since it is the duty of the master to know or else to exercise care to ascertain.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox* and *Moore* for appellant.

(1) The court erred in giving plaintiff's instruction numbered one. Breen v. Cooperage Co., 50 Mo. App. 202; O'Malley v. Railway, 113 Mo. 329; McDonald v. Glass Co., 9 Mo. App. 577; Elliott v. Railroad, 67 Mo. 272; Covey v. Railroad, 86 Mo. 635; Porter v. Railroad, 71 Mo. 79; Baustian v. Young, 152 Mo. 317; 53 S. W. Rep. 921; Doyle v. Trust Co., 140 Mo. 11; Sullivan v. Railroad, 107 Mo. 66; Bowen v. Railroad, 95 Mo. 276; Flynn v. Bridge Co., 42 Mo. App. 536. (2) The court erred in refusing to give defendant's instruction number four. Railroad v. Love, 10 Ind. 556; Skipp v. Railroad, 9 Exch. 223; Hayden v. Mfg. Co., 29 Conn. 256; Fugler v. Bothe, 117 Mo. 475; Showalter v. Fairbanks, 60 N. W. Rep. 257; Junior v. Power Co., 127 Mo. 79; Epperson v. Postal Co., 155 Mo. 346; 50 S. W. Rep. 804. (3) The court erred in giving plaintiff's instruction number two, as modified by the court. Epperson v. Postal Co., 155 Mo. 346; 50 S. W. Rep. 804; Bailey on Master's Liability, pp. 181, 182; Doyle v. Trust Co., 140 Mo. 19; Huhn v. Railroad Co., 92 Mo. 440; Soeder v.

Railway Co., 100 Mo. 673; Mahaney v. Railway Co., 108 Mo. 201.

*Hollis & Fidler* for respondent.

(1) Where negligence consists in furnishing defective material and in negligent and dangerous construction, the law presumes knowledge on the part of defendant, and plaintiff need not show that it "might have known" of the danger by proper inspection. Especially is this true where the evidence shows actual warning as in this case. Russell v. Columbia, 74 Mo. 480; Sullivan v. Railway, 107 Mo. 66; Franke v. St. Louis, 110 Mo. 516; Whalen v. Church, St. Louis, 62 Mo. 326; Shortel v. St. Joseph, 104 Mo. 114; Doyle v. Trust Co., 140 Mo. 1; Reber v. Tower, 11 Mo. App. 199; Porter v. Railway, 71 Mo. 66; Bowen v. Railway, 95 Mo. 268; Flynn v. Bridge Co., 42 Mo. App. 529; Higgins v. Railway, 43 Mo. App. 547. (2) Where the construction is proper and safe in the first instance, and becomes defective and dangerous, then the rule "that the defendant knew or might have known" might be necessary in an instruction. Bowen v. Railway, 95 Mo. 268; Flynn v. Bridge Co., 42 Mo. App. 529; Russell v. Columbia, 74 Mo. 480.

ELLISON, J.—The plaintiff, a carpenter, was an employee of defendant and receiving injuries while engaged in work at his trade, he sued defendant and obtained judgment in the trial court.

The injury happened while plaintiff and others were constructing an ice plant for defendant near its packing house. The particular part of the work at the time of accident was the construction of two tanks, each about thirty-five feet wide by seventy feet long and four feet deep. The frame work (called lattice work by witnesses) was being put

on one of these tanks, and not being strong enough to support the weight of a man, planks were laid across for the use of the workmen in getting about. The boards were supported at about every fifteen or twenty inches. Plaintiff was walking on one of those boards, in going after one of his tools, when it broke, letting his leg down into the tank and injuring it. There was evidence tending to show that all the lumber furnished by defendant was new, good and sufficient for the purposes intended. There was also evidence to show that the plank which broke with plaintiff was painted and had nail holes in it, indicating that it had been used before. Plaintiff testified that he did not notice the defects.

The court instructed the jury, at plaintiff's instance, declaring, among other things, that, if the lumber "was weak, insufficient, unfit and dangerous for the purpose it was so used, and that its dangerous condition was unknown to plaintiff * * * and that the plank broke by reason of its unfitness," then he was entitled to recover. It is apparent from this instruction that an absolute liability was imposed on defendant, if the lumber was defective, whether defendant knew, or, being prudent, might have known it. This was error. If the defendant did not know of the defect and an exercise of reasonable care and precaution on its part would not have disclosed it, no liability attaches for the accident. Breen v. Cooperage Co., 50 Mo. App. 202; O'Malley v. Railway, 113 Mo. 329; Porter v. Railway, 71 Mo. 79; Elliott v. Railway, 67 Mo. 272; Covey v. Railway, 86 Mo. 635; Sullivan v. Railway, 107 Mo. 66. The citations by plaintiff are not opposed to what we have said.

In our opinion, instruction number two, given for plaintiff, is not justly subject to defendant's criticism. We have no objection to the deduction made from the case of Huhn v. Railway, 92 Mo. 440, that even though a servant knows of a defective appliance, and nevertheless supposes he can

work safely with it, yet he must exercise care and caution commensurate with the danger to be apprehended. But the instruction did not contain anything of plaintiff's knowledge. If the theory of plaintiff's knowledge of the defect is to be submitted to the jury defendant can submit it in an instruction of its own. Plaintiff's instruction being correct as it stands he was not obliged to embrace defendant's theories in it.

Defendant asked and was refused the following instruction:

"If you believe from the evidence that the condition of the board and the danger, if any, in walking upon it, were as obvious and apparent to plaintiff as to defendant, or its foreman in charge of the work, and that plaintiff voluntarily undertook to walk upon said board, then plaintiff can not recover, and your verdict will be for the defendant." The instruction was properly refused. It states that if the plaintiff knew as much about the defective plank and the danger from walking upon it as the defendant knew, then he could not recover. The defendant may have known very much less than it should have as a careful and prudent employer. So it is unjust to the employee to measure the knowledge of the employer by his knowledge. It is the duty of the employer, in the first instance, to know, or else to exercise care and prudence to ascertain. The remarks of Judge Rombauer in Fugler v. Bothe, 117 Mo. 500, are not applicable. There, the nature of the work and the place were such that the servant knew the defect and danger "much better than the master could possibly know it." In such instance the master is not liable, but the facts in this case disclose no such situation.

The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.